IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, et al., | |
| Plaintiffs, | No. C 09-04024 JSW |
| v. | |
| HILL REDWOOD DEVELOPMENT, LTD., et al., | **ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST THREE CLAIMS AND (2) GRANTING IN PART AND DENYING IN PART AS MOOT PLAINTIFFS' MOTION FOR EXTENSION OF TIME FOR SERVICE** |
| Defendants. | |
| / | |

Now before the Court is the motion to dismiss filed defendants Hill International, Inc. ("Hill") and Redwood Capital Advisors, LLC ("Redwood") (collectively, "Defendants") and the motion to extend time for service filed by plaintiffs Vieste, LLC and Vieste Development, LLC ("Vieste"). These matters are now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 15, 2010 is HEREBY VACATED. Having considered the parties' arguments and relevant legal authority, the Court hereby grants Defendants' motion to dismiss and grants in part and denies in part as moot Vieste's motion to extend time for service.

**BACKGROUND**

Vieste alleges that they and defendants Hill, Redwood, Hill Redwood Development, Ltd., and Hill International Development Ltd. entered into a joint venture to develop projects, including major development initiatives in Metropolis, Illinois and in Xalapa, Veracruz in Mexico. (Compl, ¶¶ 14-16.) As part of that agreement, Vieste alleges that Redwood agreed to fund all "seed equity" to cover fees and expenses from October 15, 2008 through the project closings. (*Id*., ¶ 16.) The "seed funding" was to occur upon execution of memoranda of understanding with each municipality. (*Id*., ¶ 16.)

Vieste alleges that they, Hill, and Redwood met with officials in Metropolis in November 2008 and shortly thereafter, executed a memorandum of understanding with Metropolis. (*Id*., ¶ 17.) Similarly, in December 2008, Vieste, Hill and Redwood met with officials in Xalapa and shortly thereafter, executed a memorandum of understanding with Xalapa. (*Id*., ¶ 18.) During and subsequent to the execution of the memoranda of understanding, Vieste expended significant resources to proceed with the development projects. (*Id*., ¶ 19.)

In late December 2008, representatives of Hill, Redwood, Hill Redwood Development, Ltd., and Hill International Development Ltd. assured Vieste that it would receive shortly almost $300,000 to cover Vieste's services, fees and expenses dating back to October 15, 2008. (*Id*., ¶ 20.) On December 31, 2008, Mike Comparato ("Comparato"), President and Chief Executive Officer of Vieste, emailed Steve Goodman, a partner in Redwood and a managing director of Hill Redwood Development, Ltd. to confirm that Vieste would receive $290,000 by January 6 and that the entire $5.5 million would be funded by January 9. (*Id*.)

Although Hill, Redwood, Hill Redwood Development, Ltd., and Hill International Development Ltd. did not pay Vieste for its services, fees and expenses as promised, Vieste continued to perform work on the development projects. (*Id*., ¶ 21.) On January 26, 2009, Dick Sargon, President of Hill International Development Ltd., a managing director of Hill Redwood Development, Ltd., and previously a president with Hill, left a voicemail message for Comparato stating that the investment of a quarter of million in Vieste will "come through"

2

upon documentation from Comparato and that the investment for $500 million is still pending and unsure. (*Id.*, ¶ 23.)

Based upon these allegations, Vieste asserts the following claims against Hill, Redwood, Hill Redwood Development, Ltd., Hill International Development Ltd., Steven Goodman, and S. Dick Sargon: (1) fraud and intentional misrepresentation; (2) negligent misrepresentation; (3) constructive fraud; (4) breach of contract; (5) breach of implied covenant of good faith and fair dealing; and (6) promissory estoppel. Hill and Redwood now move to dismiss Vieste's first three claims on the grounds that they are not plead with sufficient particularity.

**A.  Legal Standards Applicable to Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of his entitlement to relief." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (internal brackets and quotations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Pursuant to Federal Rule of Civil Procedure 9(b), Plaintiffs must allege with particularity the circumstances constituting fraud. *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed. R. Civ. P. 9(b). However, the particularity requirements of Rule 9(b) must be read in harmony with the requirement to make out a "short and plain" statement of

the claim. Fed. R. Civ. P. 8(a)(2). Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

**B.     Defendants' Motion to Dismiss Plaintiffs' Fraud Claims.**

Pursuant to Rule 9(b), plaintiffs must allege with particularity the circumstances constituting fraud. *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed. R. Civ. P. 9(b). In the Ninth Circuit, negligent misrepresentation claims are subject to the heightened pleading requirements under Rule 9(b). *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.); *see also Glen Holly Entertainment, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)"); *Rosal v. First Federal Bank of California*, 2009 WL 2136777, *10 (N.D. Cal. July 15, 2009). The facts supporting a claim for constructive fraud also must be alleged with particularity under Rule 9(b). *See In re Verisign,*

4

*Inc., Derivative Litigation*, 531 F. Supp. 2d 1173, 1219 (N.D. Cal. 2007) (finding that plaintiffs failed to allege constructive fraud claim with particularity as required in federal court); *see also Munday v. Real Estate Advisors, Inc.*, 1995 WL 549015, *2 (N.D. Cal. Sept. 12, 1995). Here, Vieste has not alleged any misrepresentations with sufficient particularity.

Moreover, where, as here, there are multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (internal quotes and citation omitted). At a minimum, "a plaintiff must ... identify the role of each defendant in the alleged fraudulent scheme." *Id.* at 765 (internal quotes and citation omitted). In the complaint, Vieste fails to identify the role of each defendant in the alleged fraud.

Furthermore, Vieste's constructive fraud claim fails for the additional reason that Vieste has not plead that any of the defendants "gained an advantage" by making any alleged misrepresentations. Although Vieste argues in opposition to the motion to dismiss how defendants generally gained an advantage, Vieste did not include such allegations in the complaint.

**C.      Vieste's Motion to Extend Time for Service.**

Vieste moves pursuant to Federal Rule of Civil Procedure 4(m) to extend time for service of the Complaint and Summons on Defendants Hill Redwood Development, Ltd., Hill International Development, Ltd., Stephen Goodman and S. Dick Sargon. With respect to Defendants Stephen Goodman and S. Dick Sargon, this motion is now MOOT because they have waived the requirement of formal service and have appeared in this action. With respect to Defendants Hill Redwood Development, Ltd. and Hill International Development, Ltd., the Defendants who have appeared in this matter have filed a statement of non-opposition. The Court finds good cause to extend the time for service and, thus, HEREBY GRANTS Vieste's motion as to Defendants Hill Redwood Development, Ltd. and Hill International Development, Ltd.

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Hill and Redwood's motion to dismiss Vieste's first three claims. However, the Court will provide Vieste leave to amend. Vieste shall file any amended complaint within thirty days of the date of this Order. If an amended complaint is filed, Defendants shall either file an answer or move to dismiss within twenty days of service of the amended complaint. If Vieste does not file an amended complaint, Defendants shall file an answer within twenty days after Vieste's time to file an amended complaint has expired.

The Court DENIES Vieste's motion to extend time for service as to Defendants Stephen Goodman and S. Dick Sargon as MOOT and GRANTS Vieste's motion to extend time for service as to Defendants Hill Redwood Development, Ltd. and Hill International Development, Ltd. Vieste shall have 120 days from entry of this Order to serve the Summons and Complaint upon Defendants Hill Redwood Development, Ltd. and Hill International Development, Ltd. If service is not affected upon Defendants Hill Redwood Development, Ltd. and Hill International Development, Ltd. within the 120-day extension period, Vieste shall dismiss Defendants Hill Redwood Development, Ltd. and Hill International Development, Ltd. without prejudice.

**IT IS SO ORDERED.**

Dated: January 11, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE