IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, et al., | |
| Plaintiffs, | No. C 09-04024 JSW |
| v. | |
| HILL REDWOOD DEVELOPMENT, LTD., et al., | **ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST THREE CLAIMS AND (2) GRANTING DEFENDANTS' MOTION TO STRIKE** |
| Defendants. | |

Now before the Court is the motion to dismiss and the motion to strike filed by defendants Hill International, Inc. ("Hill") and Redwood Capital Advisors, LLC ("Redwood") (collectively, "Defendants"). These matters are now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 9, 2010 is HEREBY VACATED. Having considered the parties' arguments and relevant legal authority, the Court hereby denies Defendants' motion to dismiss and grants Defendants' motion to strike.

**BACKGROUND**

Plaintiffs Vieste, LLC and Vieste Development, LLC ("Vieste") allege that they and defendants Hill, Redwood, Hill Redwood Development, Ltd., and Hill International Development Ltd. entered into a joint venture to develop projects, including major development

1 initiatives in Metropolis, Illinois and in Xalapa, Veracruz in Mexico.  (First Amended
2 Complaint ("FAC"), ¶ 22.)  As part of that agreement, Vieste alleges that Redwood agreed to
3 fund all "seed equity" to cover fees and expenses from October 15, 2008 through the project
4 closings.  (*Id*..)  The "seed funding" was to occur upon execution of memoranda of
5 understanding with each municipality.  (*Id*.)

6 In response to the Order granting Defendants' motion to dismiss their fraud claims for lack of specificity, in their FAC Vieste allege numerous representations by Kurt Chamberlin of Hill, S. Dick Sargon, Vice President of Hill until September 2007 and then President of Hill and Co-Managing Director of Hill Redwood Development, and Steve Goodman, President and Chief Executive Officer of Redwood and Co-Managing Director of Hill Redwood Development.  (*Id*., ¶¶ 14-15, 17-18, 22-34, 36.)  According to Vieste, such statements were false and misleading because Defendants never secured the funding from Redwood and knew that Goodman did not have access to the funding and that the funding was never secured.  (*Id*., 37.)  Defendants move to dismiss Vieste's revised fraud claims on the grounds that Vieste fails to allege whether and how each one of the alleged representations were false.

**A.      Legal Standards Applicable to Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of his entitlement to relief." *Bell Atlantic Corporation v.*

*Twombly*, 550 U.S. 544, 555 (2007) (internal brackets and quotations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Pursuant to Federal Rule of Civil Procedure 9(b), Plaintiffs must allege with particularity the circumstances constituting fraud. *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed. R. Civ. P. 9(b). However, the particularity requirements of Rule 9(b) must be read in harmony with the requirement to make out a "short and plain" statement of the claim. Fed. R. Civ. P. 8(a)(2). Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

**B.      Defendants' Motion to Dismiss Plaintiffs' Fraud Claims.**

Pursuant to Rule 9(b), plaintiffs must allege with particularity the circumstances constituting fraud. *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed. R. Civ. P. 9(b). In the Ninth Circuit, negligent misrepresentation claims are subject to the heightened pleading requirements under Rule 9(b). *See Neilson v. Union Bank of California,*

3

*N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.); *see also Glen Holly Entertainment, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)"); *Rosal v. First Federal Bank of California*, 2009 WL 2136777, *10 (N.D. Cal. July 15, 2009). The facts supporting a claim for constructive fraud also must be alleged with particularity under Rule 9(b). *See In re Verisign, Inc., Derivative Litigation*, 531 F. Supp. 2d 1173, 1219 (N.D. Cal. 2007) (finding that plaintiffs failed to allege constructive fraud claim with particularity as required in federal court); *see also Munday v. Real Estate Advisors, Inc.*, 1995 WL 549015, *2 (N.D. Cal. Sept. 12, 1995). Upon review of the FAC, the Court finds that Vieste has alleged misrepresentations with sufficient particularity. Therefore, the Court DENIES Defendants' motion to dismiss.

**C.     Defendants' Motion to Strike.**

Defendants move pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") to strike Vieste's request for attorneys' fees in their FAC. Rule 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Id*.

Vieste does not dispute that they are not entitled to recover attorneys' fees under any of their claims. In response to Defendants motion, Vieste argues that they are preserving their right to pursue attorneys' fees as a sanction for any discovery or other litigation abuses.

4

However, because Vieste do not argue, or provide any authority, to demonstrate that they may be entitled to recover attorneys' fees under any of their claims, the Court grants Defendants' motion and strikes Vieste's request for attorneys' fees. This Order is without prejudice to Vieste requesting attorneys' fees as a sanction if, during the course of this litigation, Defendants engage in discovery or other litigation abuses that would warrant such a sanction.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants's motion to dismiss Vieste's first three claims in the FAC but GRANTS Defendants' motion to strike Vieste's request for attorneys' fees.

**IT IS SO ORDERED.**

Dated: March 30, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5