United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, ET AL., | No. C-09-04024-JSW (DMR) |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTE REGARDING THIRD PARTY SUBPOENA** |
| v. | |
| HILL REDWOOD DEVELOPMENT, ET AL., | |
| Defendant. | |

Before the Court is Defendants' June 14, 2010 letter request to order Plaintiffs to produce a privilege log by Wednesday, June 16, 2010, or, in the alternative, to order that privilege has been waived for failure to produce a log. *See* Nemecek Letter Brief (Docket No. 65). Plaintiffs responded to Defendants' letter request by letter brief on June 15, 2010. *See* Towle Letter Brief (Docket No. 66). The Court took on emergency briefing of this discovery dispute in response to Defendants' representation that the dispute affected at least one deposition noticed and set for June 18, 2010, and because the discovery cut-off date in this matter is July 26, 2010. The Court has since learned that the depositions previously noticed for June 18 are no longer set for that date.

Because Defendants' present dispute regarding third-party subpoenas is with the conduct of opposing counsel, and not with the subpoenaed third parties, the Court has jurisdiction over the dispute. *See* Fed. R. Civ. P. 37(a)(2).

It appears from Plaintiffs' letter brief that Plaintiffs' counsel (rather than the subpoenaed third parties) has undertaken the review of documents produced pursuant to the subpoenas in order

to determine privilege and responsiveness. For this reason, Plaintiffs' counsel should prepare a privilege log that addresses all documents that Plaintiffs' counsel determined to be subject to a claim of privilege. If Plaintiffs' counsel assert that *other* counsel made privilege determinations, Plaintiffs' counsel need not provide a privilege log for such documents, but shall notify the Court and Defendants of the identity of that counsel at the currently-scheduled June 24, 2010 discovery hearing.

Plaintiffs are hereby ordered to produce by **June 24, 2010** a full privilege log of all documents Plaintiffs' counsel reviewed pursuant to the third-party subpoenas at issue, and determined to be subject to a claim of privilege. Pursuant to Fed.R.Civ.P. 26(b)(5) and Judge Ryu's Notice of Reference and Order Re Discovery Procedures (Docket No. 56), the privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

    a.    The title and description of the document, including number of pages or Bates-number range;

    b.    The subject matter addressed in the document;

    c.    The identity and position of its author(s);

    d.    The identity and position of all addressees and recipients;

    e.    The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

    f.    The specific basis for the claim that the document is privileged or protected.

Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

IT IS SO ORDERED.

Dated: June 16, 2010



_____
DONNA M. RYU
United States Magistrate Judge