**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, et al.,<br><br>    Plaintiff and Counterdefendants,<br><br>  v.<br><br>HILL REDWOOD DEVELOPMENT, et al.,<br><br>    Defendants and Counterclaimants.<br>_____/ | No. C 09-04024 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM** |

Now before the Court is the motion for leave to file a First Amended Counterclaim ("FACC") filed by defendants and counterclaimants Hill Redwood Development, Ltd., Hill International, Inc., Hill International Development Ltd., and Redwood Capital Advisors, LLC (collectively "Defendants"). Pursuant to Local Rule 7-1(b), the Court finds these matters suitable for resolution without oral argument, and the hearing date set for August 13, 2010, is VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendants' motion for leave to file its FACC.

**BACKGROUND**

The Court has set forth the facts underlying this dispute in several prior orders and, accordingly, shall not repeat them here. Rather, the Court shall only address those facts that are necessary to the analysis of this motion. On August 28, 2009, Vieste, LLC and Vieste Development, LLC (collectively "Vieste") filed the original complaint in this matter.

1  Thereafter, the parties engaged in motion practice regarding Vieste's claims, which resulted in
2  Vieste filing a First Amended Complaint ("FAC"). On March 30, 2010, the Court denied
3  Defendants' motion to dismiss certain claims raised in Vieste's FAC, and on April 13, 2010,
4  Defendants answered the FAC and asserted a counterclaim for negligent misrepresentation
5  against Vieste.

6  Vieste subsequently moved to strike certain affirmative defenses and to dismiss the
7  Counterclaim. While that motion was pending, Vieste also moved for leave to file a Second
8  Amended Complaint ("SAC") to add factual allegations to the existing claims. On July 13,
9  2010, the Court denied Vieste's motion to strike and to dismiss and granted its motion for leave
10 to file the SAC.

11 On July 6, 2010, while Vieste's motion to dismiss and motion to amend were pending,
12 Defendants filed the instant motion.

## ANALYSIS

14 Defendants move to amend their counterclaim to include four new parties, Donald
15 Currise, Sr., Michael Comparato, John Bradley, and Mark Branaman, each of whom are alleged
16 to be members of both Vieste defendants, and to assert two additional counterclaims for fraud
17 and intentional misrepresentation and constructive fraud. Federal Rule of Civil Procedure 15
18 permits parties to amend pleadings once as a matter of right within twenty-one days of service
19 or, within twenty-one days after service of a responsive pleading or service of specified motions
20 under Rule 12. Fed. R. Civ. P. 15(a)(1).

21 Thereafter, a party may amend only with consent of the opposing party or with leave of
22 court. In accordance with the liberal pleading standard under the Federal Rules of Civil
23 Procedure, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P.
24 15(a)(2). Though the decision to grant or deny a motion for leave to amend is governed by the
25 district court's discretion, the general rule is that amendment of the pleadings is to be permitted
26 unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing
27 side, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs,*
28 *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

**1.    Delay.**

According to Vieste, Defendants have had the information necessary to include these proposed counter-defendants and proposed counterclaims since Defendants filed their original counterclaim and, thus, have unduly delayed in seeking leave to amend. Delay alone is not sufficient basis on which to deny a motion to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Although at the time Defendants filed this motion, the Court had not yet set a deadline by which to amend the pleadings, the Court also considers whether Defendants "'knew or should have known the facts and theories raised by the amendment in the original pleading'" to determine if the motion is timely. *AmerisourceBergen Corp. v. Dialysisist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

In their original counterclaim for negligent misrepresentation, Defendants alleged that Messrs. Comparato and Currise made the allegedly misleading statements. The Court has compared the factual allegations in the proposed FACC and the original counterclaim and, with the exception of paragraph 29, Defendants add no new factual allegations to support the additional proposed counterclaims. Moreover, there are no facts to suggest that Messrs. Bradley and Branaman made any alleged misrepresentations. Defendants also do not identify any particular documents or evidence that would support their assertion that they were not aware of the factual basis for asserting these counterclaims at the time the original counterclaim was filed.

The Court also considers impending deadlines. According to the record, the parties did not begin to exchange discovery until March 2010 and, as of May 7, 2010, had not conducted any depositions. (*See* Docket No. 47 (Supplemental Joint Case Management Statement at 2-3).) Defendants also assert that Vieste has yet to depose any key defense witnesses and recently postponed the depositions of Mr. Sargon and Mr. Goodman. In addition, the Court extended the deadline to complete fact discovery when it granted Plaintiff's motion to amend the FAC, and the parties recently stipulated to extend the deadline to complete expert discovery.

Counterbalanced against these facts is the fact that the deadline to file dispositive motions, based on the scheduled hearing date of October 8, 2010, is but three weeks away and the pretrial and trial are set in December 2010 and January 2011, respectively.

Accordingly, this factor weighs against granting Defendants' motion.

### 2. Prejudice.

Undue prejudice to the party opposing amendment is one possible grounds for denying leave to amend. *Foman*, 371 U.S. at 182. Vieste argues that the individual defendants will be prejudiced if they are brought into this lawsuit because they have not had the opportunity to participate in discovery in their individual capacities and because it has not focused discovery efforts on statements allegedly made by Messrs. Bradley and Branaman. Vieste also argues that it would be prejudiced if the Court permits Defendants to add the new claims, because it has not focused its discovery on allegations of intentional misconduct.

The Court does find that it would be prejudicial to Messrs. Bradley and Branaman to bring them into this case as individual parties, in light of the fact that, until now, Defendants did not implicate them in any alleged misconduct. In contrast, the Vieste Defendants and Messrs. Comparato and Currise have been on notice since Defendants filed the original counterclaim, that the latter individuals made the alleged misrepresentations. To the extent they, or Vieste, will suffer any prejudice by amendment, the Court can, and will, alleviate such prejudice by permitting further *limited* extensions of the deadlines relating to discovery, as well as the impending deadlines for dispositive motions, pretrial.

Accordingly, Court finds that this factor weighs against granting Defendants' motion to the extent they seek to add Messrs. Bradley and Branaman as counterdefendants. Because the Court can alleviate any potential prejudice to Vieste, Mr. Comparato and Mr. Currise, this factor is neutral or weighs slightly in favor of amendment.

### 3. Futility of Amendment.

Vieste argues that amendment would be futile because none of the individuals Defendants propose to add are subject to personal jurisdiction. However, Vieste presented no evidence to support this argument. Therefore, the record is not developed on this issue and,

4

thus, the Court cannot assess whether or not it would be futile to give Defendants leave to include the proposed individual counterdefendants.

Vieste also argues and because the new claims fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). With respect to Messrs. Bradley and Branaman, the Court agrees. On reply Defendants point to no additional facts that would support claims against these individuals. Accordingly, this fact weighs against granting Defendants leave to amend to include them as counterdefendants. However, with respect to Vieste and Messrs. Comparato and Currise, the Court denied Vieste's motion to dismiss the negligent misrepresentation claim and found that it satisfied the requirements of Rule 9(b). In light of the fact that the allegations supporting the two new claims are nearly identical to the original counterclaim, the Court does not find Vieste's argument on this point to be persuasive. Indeed, the Court would look unfavorably on a renewed motion to dismiss the FACC that was premised on a failure to plead fraud with particularity.

Accordingly, Court finds that this factor weighs against granting Defendants' motion to the extent they seek to add Messrs. Bradley and Branaman as counterdefendants, but weighs in favor of granting the motion to include Messrs. Comparato and Currise and the proposed counterclaims.

**4.     Bad Faith**.

Vieste's final argument is that Defendants' motion is made in bad faith and is a punitive response to the fact that Vieste has sued two of Defendants' principals, Stephen Goodman and S. Dick Sargon. The Court finds no evidence of bad faith on Defendants' part and, thus, this factor weighs in favor of amendment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the motion for leave to file a First Amended Counterclaim. Defendants are granted leave to amend their counterclaim to include Messrs. Comparato and Currise as counter-defendants and to include the counterclaims for fraud and constructive fraud. Defendants shall not be permitted to include Messrs. Bradley and Branaman as counter-defendants. The Court's decision to grant, in

part, Defendants' motion is premised upon its willingness to permit limited extensions impending deadlines, which shall be addressed at the case management conference scheduled for August 27, 2010 at 1:30 p.m. Defendants shall file and serve the FACC permitted by this Order by no later August 16, 2010, and the parties' joint case management statement shall be filed on August 20, 2010.

**IT IS SO ORDERED.**

Dated: August 11, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE