**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, et al., | |
|     Plaintiff/Counterdefendant, | No. C 09-04024 JSW |
| v. | **ORDER (1) DENYING COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE PRAYER FOR PUNITIVE DAMAGES; AND (2) DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |
| HILL REDWOOD DEVELOPMENT, et al., | |
|     Defendants/Counterclaimants. | |

**INTRODUCTION**

Now before the Court for consideration are the following motions filed by Plaintiffs and Counterdefendants, Vieste, LLC and Vieste Development, LLC (collectively "Vieste"): (1) a motion to dismiss Defendants' counterclaims and motion to strike prayer for punitive damages; and (2) a motion for leave to amend to file a third amended complaint. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY DENIES Vieste's motion to dismiss and to strike the prayer for punitive damages, and HEREBY DENIES Vieste's motion for leave to file a third amended complaint.

**BACKGROUND**

The Court has set forth the facts underlying this dispute in several prior orders and, accordingly, shall not repeat them here. Rather, the Court shall address only those facts that are

necessary to the analysis of this motion.  Vieste filed the original complaint on August 28, 2009 against Hill Redwood Development, Ltd., Hill International, Inc., Hill International Development, Ltd., and Redwood Capital Advisors, LLC (collectively "Defendants").  On January 11, 2010, this Court granted Defendants' motion to dismiss Vieste's first three claims because Vieste did not plead its claims for fraud and misrepresentation with particularity, as required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  The Court gave Vieste leave to amend its claims.

On February 10, 2010, Vieste filed its First Amended Complaint ("FAC").  On March 30, 2010, the Court denied Defendants' second motion to dismiss.  Defendants answered the FAC and filed a Counterclaim for negligent misrepresentation on April 13, 2010.  On May 7, 2010, Vieste moved to dismiss Defendants' Counterclaim for failure to state a claim upon which relief can be granted; it also moved to strike certain affirmative defenses.  On June 2, 2010, Vieste moved for leave to file a second amended complaint.  On July 13, 2010, the Court denied Vieste's motion to dismiss Defendants' Counterclaim and granted Vieste's motion to file a second amended complaint.

Defendants moved to amend their Counterclaim on July 6, 2010, and on August 11, 2010, the Court granted in part and denied in part that motion.  Defendants filed their First Amended Counterclaim ("FACC") on August 17, 2010.  Each of Defendants' counterclaims stems from representations that Vieste allegedly made to Defendants regarding Vieste's negotiations with the cities of Metropolis, Illinois, and Xalapa, Veracruz, Mexico (collectively "the municipalities").

Specifically, Defendants allege that Vieste represented that the municipalities were prepared to sign joint operating agreements ("JOAs") with Vieste.  Defendants allege that these representations were false, because, in fact, Vieste's negotiations with the municipalities were still in their very early stages.  In late 2008, the municipalities each signed a memorandum of understanding ("MOU") in which they expressed their intent to enter JOAs.  Ultimately, however, Vieste did not enter a JOA with either of the municipalities.

On August 26, 2010, Vieste filed a motion for leave to amend to file a third amended complaint. On September 2, 2010, Vieste filed a motion to dismiss Defendants' counterclaims and to strike their prayer for punitive damages.

## ANALYSIS

**I.    Vieste's Motion to Dismiss and to Strike is Denied.**

**A.    Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

"The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. (12)(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Cal. Dept. of Toxic Substance Control v. ALCO Pac., Inc.*, 217 F.

3

Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id.* Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id.* Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Id.*

### B. The Negligent Misrepresentation Counterclaim.

The elements of a claim for negligent misrepresentation are:

> (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage.

*Lincoln Alameda Creek v. Cooper Indus., Inc.*, 829 F. Supp. 325, 330 (N.D. Cal. 1992) (citing *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986)). Vieste argues that Defendants fail to allege facts supporting any of these elements.

Vieste argues that the Defendants cannot state a claim for negligent misrepresentation as a matter of law, because the representations concerned future conduct rather than past or present facts. Defendants have alleged in their FACC that Vieste was "aware of the true facts concerning the status of their agreements and negotiations with the [municipalities] . . . , including the fact that the [municipalities] we[re] not prepared to sign a joint operating agreement." (FACC ¶¶ 35-36.) As this statement demonstrates, the misrepresentations in question did not concern a future act; rather, they concerned the then-current status of the agreements with the municipalities.

Specifically, Defendants allege that Vieste represented that negotiations with the municipalities for joint operating agreements were in a more advanced stage than they in fact were. Defendants make clear that the misrepresentations concerned the present status of the agreements through their statement that "at most, Vieste had begun preliminary discussions

4

with these municipalities . . . and did not have any type of 'firm agreements' in place . . . as [Vieste] had previously represented." (FACC ¶ 28.) Whether or not Vieste had "firm agreements" in place was a fact that existed at the time the representations were made. *Cf. Grammar v. Asbury*, No. F050176, 2007 WL 3105442, at *6-7 (Cal. Ct. App. Oct. 25, 2007) (upholding trial court's ruling that defendant had negligently misrepresented a "past or existing fact" where defendant had falsely represented that he "had willing and sufficient investors lined up"). Defendants have adequately alleged in the FACC the misrepresentation of a past or existing material fact.

Moreover, there is an exception to the rule that a negligent misrepresentation claim cannot be based on a prediction of future action "[w]hen the speaker has knowledge of facts not warranting the opinion." *Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 866 (1980). Here, Defendants have alleged that Vieste knew that its negotiations with the municipalities were in their earliest stages. Assuming that Defendants' assertion that Vieste knew the preliminary status of their negotiations is true, as the Court must, it follows that these facts did not warrant the opinion that the municipalities were prepared to enter agreements. Thus, even if the Court assumes Vieste's representations were merely a prediction of future actions, Defendants have alleged facts to support the first element of a claim for negligent misrepresentation.

Vieste next argues that the Defendants have not alleged specific facts that demonstrate Vieste lacked reasonable grounds for believing that the representations in question were true. Defendants allege that "[w]hen [Vieste] made these representations, [it] had no reasonable ground for believing them to be true." (FACC ¶ 34.) Defendants further allege that Vieste was aware of "the fact that the [municipalities] . . . [were] not prepared to sign a joint operating agreement." (FACC ¶¶ 35-36.) Defendants also allege that "at most, Vieste had begun preliminary discussions with these municipalities on these issues, and did not have any type of 'firm' agreements in place on either of these issues." (*Id.* ¶ 28.) Looking at the FACC as a whole, Defendants sufficiently allege that Vieste lacked a reason to believe that its representations were true.

5

1    Vieste next argues that Defendants do not sufficiently allege they justifiably relied on
2 the misrepresentations, because Defendants had full and easy access to the true facts
3 surrounding the agreements. Defendants allege that "[i]n reliance on [Vieste's] representations,
4 [Defendants] were reasonably induced" to spend money "in working towards the Xalapa and
5 Metropolis real estate development projects." (FACC ¶ 39.) In itself, this conclusory statement
6 would not "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550
7 U.S. at 570. However, Defendants explain that they "had no reason to expect a potential partner
8 to make such misrepresentations of material facts." (FACC ¶ 45.) Assuming this explanation is
9 true, as the Court must, Defendants sufficiently allege that they reasonably relied on Vieste's
10 misrepresentations.

11    In support of its argument that Defendants' reliance was not reasonable, Vieste
12 emphasizes that Defendants had ample opportunity to ascertain the true facts surrounding
13 Vieste's negotiations with the municipalities, because Defendants personally interacted with
14 officials from the municipalities and also performed due diligence. While these facts might
15 lessen the likelihood that Defendants reasonably relied on the representations, a "probability
16 requirement" is not imposed "at the pleading stage." *Twombly*, 550 U.S. at 556. Therefore, the
17 version of the facts that Defendants have alleged in their FACC need not be most likely correct.
18 Rather, Defendants must set forth facts that, if true, demonstrate that the claim is plausible.
19 Defendants have satisfied this requirement.

20    Next, Vieste argues that Defendants have not adequately alleged that they were ignorant
21 of the truth. Vieste bases this argument on Defendants' ability to obtain information regarding
22 the projects from the municipalities. Vieste further argues that the municipalities each signed
23 MOUs, which informed Defendants of the true facts surrounding the negotiations. However,
24 these MOUs were not signed until November 26, 2008 (Metropolis), and December 15, 2008
25 (Xalapa), while many of the alleged misrepresentations occurred much earlier. Therefore, the
26 existence of MOUs does not render implausible Defendants' assertion that they were ignorant
27 of the truth, because those MOUs did not exist when Vieste allegedly made many of the
28 representations in question. Furthermore, Defendants explained that they relied on Vieste's

6

representations rather than conduct their own investigation, because "they had no reason to expect a potential partner to make such representations of material facts." (FACC ¶ 40.) Therefore, Defendants have sufficiently alleged that they were ignorant of the truth.

Finally, Vieste contends that the Defendants fail to adequately plead actual damages. On this point, Vieste argues that Defendants "lump[ed] all [Defendants] together to assert that, collectively, they incurred damages" when in fact the law requires that "each [Defendant] must have sustained damages in order to maintain its counterclaim." (Vieste's Mot. at 9:20-10:2 (emphasis in original).) Defendants allege that they "began expending time and incurring expenses" based on Vieste's representations. (FACC ¶ 25). A reasonable interpretation of this statement is that each of the Defendants expended time and money. Accordingly, Defendants gave Vieste notice that each Defendant was claiming that it had been damaged as a result of Vieste's representations. Moreover, Defendants' allegations regarding damages are not merely conclusory, because Defendants also explain the nature of their damages. (*See* FACC ¶ 44 ("[Defendants] . . . beg[an] expending time, money, and resources in working towards pursuing the Xalapa and Metropolis real estate development projects, such as staff time and expenses, legal fees and costs, and travel time and expenses.").)

For the foregoing reasons, the Court DENIES Vieste's motion to dismiss this counterclaim.

**C.     The Fraud and Intentional Misrepresentation Counterclaim.**

Vieste moves to dismiss the fraud and intentional misrepresentation counterclaim on the same bases it moved to dismiss the negligent misrepresentation counterclaim. For the reasons set forth above, the Court finds these arguments unpersuasive. Vieste also moves to dismiss this counterclaim on the basis that Defendants do not adequately allege that Vieste knew its representations were false.

In order to state a claim for fraud, Defendants must allege that Vieste knew its statements were false at the time it made them. *See Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001) (citing *Design Art v. Nat'l Football League Props., Inc.*, No. 00CV593 JM (JAH), 2000 WL 33151646, at *5 (S.D. Cal. Aug. 18, 2000)) (applying

7

California law). Vieste categorizes the allegedly false representations into those made *before* and those made *after* the municipalities signed the MOUs. With respect to representations made before the MOUs were signed, Vieste argues that Defendants cannot demonstrate that Vieste knew that the representations were untrue, because the existence of the MOUs ultimately corroborated Vieste's statements. This argument requires the Court to go beyond the FACC to determine Vieste's beliefs as to the municipalities' intentions and is an argument that is best resolved in the context of a motion for summary judgment, rather than in this motion to dismiss.

With respect to the statements made *after* the municipalities signed the MOUs, Vieste argues that Defendants do not allege the false statements with particularity. Of the numerous misrepresentations alleged in the FACC, the only misrepresentations that occurred after the municipalities signed the MOUs are discussed in paragraph 23. That paragraph states as follows:

> Between the October 2008 meetings and March of 2009, Comparato and Currise, on behalf of Vieste, made similar oral representations to both Sargon and Goodman--i.e. that both municipalities were prepared to sign JOA's with Vieste (and their potential partners such as [Defendants]), in which the respective municipalities would provide both the land for use in the development projects, and financial support for those projects.

(FACC ¶ 23.)

The Court concludes that these allegations are sufficient under Rule 9(b), in that they allege who made the alleged statements (Comparato and Currise), the nature of the alleged statements (the municipalities were prepared to sign JOA's with Vieste and their potential partners and provide land and financial support), when they were made (between October 2008 and March 2009) and to whom (Sargon and Goodman). Moreover, Defendants allege that they learned that at the time Vieste made the representations, their discussions were only "preliminary" rather than at an advanced stage, which Vieste allegedly claimed the negotiations had reached. (FACC ¶ 28.)

Accordingly, the Court DENIES Vieste's motion to dismiss the counterclaim for fraud and intentional misrepresentation.

8

//

### D. The Constructive Fraud Counterclaim.

Vieste asserts that the Defendants do not allege that misrepresentations occurred during the period when Vieste allegedly owed Hill Redwood a fiduciary duty. Hill Redwood counters that a fiduciary relationship is not required to assert a meritorious claim for constructive fraud. Hill Redwood's assertion is incorrect. "[O]nly a fiduciary can be liable for constructive fraud." *Everest Investors 8 v. Whitehall Real Estate Ltd. P'ship XI*, 100 Cal. App. 4th 1102, 1108 (2002) (citing *Assilzadeh v. Cal. Fed. Bank*, 82 Cal. App. 4th 399, 415 (2000)); *accord Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1142 (C.D. Cal. 2003) ("To state a cause of action for constructive fraud, a plaintiff must allege . . . a fiduciary or confidential relationship.").

Hill Redwood asserts that "[i]n or around December of 2008, Hill Redwood and Vieste formed a joint entity" and that "*as a result of this relationship* . . . [Vieste] and Hill Redwood owed one another a fiduciary duty." (FACC ¶¶ 26-27 (emphasis added).) Because the FACC states that the relationship arose as a result of the December 2008 agreements, Hill Redwood's counterclaim for constructive fraud must be based on representations made during or after December 2008.

Of the several misrepresentations alleged in the FACC, the only misrepresentations that occurred during or after December 2008 are set forth in paragraph 23, which is set forth in full in the preceding section. For the reasons set forth above, the Court concludes that the allegations are sufficient under Rule 9(b), subject to the limitation that any claim shall be limited to statements made after December 2008.

An additional element of constructive fraud under California law is that the breach of fiduciary duty "gains an advantage to the person in fault . . . by misleading another to his prejudice." Cal. Civ. Code § 1573. Vieste argues that Defendants do not allege facts showing that "Vieste gained an advantage *at Hill Redwood's expense* by breaching its fiduciary duty." (Vieste's Mot. at 13:11-12.) The Court concludes that Hill Redwood has sufficiently alleged

9

facts showing that Vieste received a benefit.  Namely, according to the allegations in the FACC, Vieste needed to partner with Hill Redwood in order to pursue the projects with the municipalities, because the municipalities would not do business with Vieste on their own due to Vieste's minimal "size, capacity, and project history."  (FACC ¶ 53.)  These facts demonstrate that Vieste gained a benefit of an increased chance of successfully doing business with the municipalities.  Moreover, Hill Redwood has also alleged the *disadvantage* that it suffered as a result of the misrepresentation.  Namely, Hill Redwood lost "staff time and expenses, legal fees and costs, and travel time and expenses" based on its incorrect belief that it would be able to "procure[] financial support and investments from third party investors from the projects" once the municipalities entered JOAs.  (FACC ¶¶ 25-26.)

Vieste also argues that Hill Redwood cannot demonstrate it justifiably relied on any alleged misrepresentation.  For the reasons set forth in the Court's discussion of the negligent misrepresentation counterclaim, the Court rejects this argument.

Therefore, the Court DENIES Vieste's motion to dismiss Hill Redwood's constructive fraud counterclaim.

### E. Vieste's Motion to Strike the Prayer for Punitive Damages is Denied.

Vieste moves under Federal Rule of Civil Procedure 12(f) to strike Defendants' prayer for punitive damages.  Vieste argues that punitive damages are unrecoverable as a matter of law because Defendants have failed to plead a claim that alleges malice, fraud, or oppression.  Because the Court has denied the motion to dismiss the counterclaim for fraud and intentional misrepresentation, Vieste's motion to strike is DENIED.

## II. Vieste's Motion for Leave to File a Third Amended Complaint is Denied.

Vieste moves to file a third amended complaint so that it may add allegations that Steven Fishman is the alter ego of Redwood Capital Advisors, LLC ("RCA"), although it does not move to add Mr. Fishman as a defendant.  Federal Rule of Civil Procedure 15 permits parties to amend pleadings once as a matter of right within twenty-one days of service, or within twenty-one days after service of a responsive pleading or service of specified motions under

1  Rule 12. Fed. R. Civ. P. 15(a)(1). Thereafter, a party may amend only with consent of the
2  opposing party or with leave of court.

3  In accordance with the liberal pleading standard under the Federal Rules of Civil
4  Procedure, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P.
5  15(a)(2). Though the decision to grant or deny a motion for leave to amend is governed by the
6  district court's discretion, the general rule is that amendment of the pleadings is to be permitted
7  unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing
8  side, or futility of amendment.[1]  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD
9  Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

10  The Court recognizes that leave to amend should be granted freely. Although
11  Defendants do not oppose the motion on the basis of undue delay, the Court concludes that, at
12  this stage, allowing Vieste to amend its complaint would cause substantial and undue delay.
13  This litigation has been pending for over thirteen months, and prior to this Order, the pleadings
14  still were not at issue. In addition, the Court already granted an extension of discovery to
15  accommodate previous requests for amendments to the pleadings. It is not inclined to grant any
16  further extensions. Further, the Court would not permit Vieste to add Mr. Fishman as a
17  defendant at this time, as it offers to do in its reply, because there are absolutely no allegations
18  that Mr. Fishman made any alleged misrepresentations to Vieste. The Court's discretion to
19  grant or deny leave to amend also is "particularly [broad] where the court has already given a
20  plaintiff one or more opportunities to amend his complaint," *Mir v. Fosburg*, 646 F.2d 342, 347
21  (9th Cir. 1980), and the Court has given Vieste two opportunities to do so. Thus, it declines to
22  exercise its discretion in favor of granting Vieste a third opportunity.

23  Moreover, Vieste will not be prejudiced by the Court's ruling, because it is free to assert
24  an alter ego theory against Fishman if and when a judgment is entered against RCA. Federal
25  Rule of Civil Procedure 69(a) governs the enforcement of judgments in the federal courts. Rule
26  69(a) "permits judgment creditors to use any execution method consistent with the practice and
27  procedure in the State in which the district court sits." *Peacock v. Thomas*, 516 U.S. 349, 359

28
   [1] Defendants oppose the motion on the grounds of bad faith and prejudice.

11

n.7 (1996). In California, judgment creditors are permitted to file "motions to add alter-ego judgment debtors within a reasonable period of time." *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998); *see also Hennesey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351, 1358 (1988). Further, Vieste may add Fishman as an alter ego judgment debtor even if Fishman is not made a party to the present litigation. *See Flores v. Emerich & Fike, P.C.*, No. 1:05-CV-0291 AWI DLB, 2007 WL 2203959, at *6 (E.D. Cal. July 30, 2007) ("Under California law, a judgment may be amended to impose liability upon a person who was not a party to the underlying litigation pursuant to the alter ego doctrine.") Therefore, if and when Vieste obtains a judgment against RCA, the law permits amendment of that judgment to add Fishman based on an alter ego theory.

Accordingly, the Court DENIES Vieste's motion for leave to file a third amended complaint.

## CONCLUSION

For the foregoing reasons, the Court DENIES Vieste's motion to dismiss Defendants' counterclaims and to strike the prayer for punitive damages and also DENIES Vieste's motion for leave to file a third amended complaint.

**IT IS SO ORDERED.**

Dated:   October 29, 2010

                                                        JEFFREY S. WHITE
                                                        UNITED STATES DISTRICT JUDGE