United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, ET AL., | No. C-09-04024 JSW (DMR) |
| Plaintiffs, | **ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND GRANTING MOTION FOR DECLARATIONS RE DOCUMENT PRESERVATION AND COLLECTION EFFORTS** |
| v. | |
| HILL REDWOOD DEVELOPMENT, ET AL., | |
| Defendants. | |

On January 20, 2011, the parties submitted letter briefs regarding Plaintiffs' motion for declarations regarding Defendants' document preservation and collection efforts. *See* Docket Nos. 173 & 174. On February 1, 2011, the parties submitted a joint letter brief regarding Defendants motion for a protective order regarding the deposition of Jose Manuel Albaldejo Canedo-Arguelles. *See* Docket No. 179. The Court conducted a telephonic hearing on both matters on February 3, 2011, during which the parties were given an opportunity to present their arguments. This Order summarizes the rulings made by the Court on the record during the February 3, 2011 hearing.

The Court finds that the witness, Mr. Canedo-Arguelles, is not a managing agent of Defendants' and therefore Defendants' motion for a protective order is GRANTED.

Plaintiffs' motion for declarations regarding Defendants' document preservation and collection efforts is GRANTED as follows: **by no later than February 14, 2011**, each individual

defendant and a representative or representatives with percipient knowledge from each defendant entity and from ZAC Management[1] shall file and serve a **detailed declaration** addressing the following information:

1. when the individual or entity became aware of Plaintiffs' lawsuit and how notification occurred;

2. what steps were taken by the individual or entity to preserve potentially relevant evidence and when the steps were taken;

3. identify each person whose files were searched for relevant evidence, and for each person, describe the types of relevant records in that person's possession (i.e. emails/electronically-stored information, hard copies of documents, etc.) and how the files are or were organized, stored, and maintained;

4. for each person whose files were searched for relevant evidence, describe the approximate number or size of relevant records;

5. what steps were taken by the individual or entity to gather documents responsive to discovery requests and when the steps were taken;

6. describe in detail the individual or entity's standard record retention/destruction policy(ies) and whether the policy(ies) was followed during the pendency of this litigation; and

7. describe in detail (what, how and why) any intentional or unintentional information destruction (including Defendant RCA's "server crash" in 2009) that took place from July 2008 to the present and any efforts expended to recover that destroyed information.

IT IS SO ORDERED.

---

[1] Even though ZAC Management is not an individual defendant in this matter, the Court includes ZAC Management in this Order because Defendants are on record as asserting that ZAC is an agent of Defendants'. *See* Docket No. 148, Defendants' Opposition to Motion to Compel at 11. This Order should not be construed as a ruling that ZAC Management is a legal "agent" of Defendants. However, for purposes of this motion, the Court finds that it is appropriate for Defendants to provide information about ZAC's document preservation and collection efforts in this case.

1 | Dated: February 4, 2011



2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28