**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        NORTHERN DISTRICT OF CALIFORNIA
10
11   VIESTE, LLC, ET AL.,                      No. C-09-04024 JSW  (DMR)
12          Plaintiffs,                        **ORDER RE SUPPLEMENTAL**
                                               **BRIEFING**
13          v.
                                               [Member Case: No. C-11-80024-MISC]
14   HILL REDWOOD DEVELOPMENT, ET AL.,
15          Defendants.
     _____/
16
17          The Court is in receipt of Plaintiffs' Notice of Motion and Motion for Finding of Contempt
18   and to Compel Compliance with Document Subpoena.  *See* Docket No. 1, Case C-11-80024-MISC.
19   Plaintiffs allege that on January 10, 2011, Plaintiffs served a Federal Rule of Civil Procedure 45
20   subpoena on Avraham Zeigermann, who is not a party to this action, and that Mr. Zeigermann has
21   failed to timely object or otherwise respond to the subpoena.
22          If a recipient of a Rule 45 subpoena fails to comply with a subpoena without adequate
23   excuse, the recipient is in contempt of court.  Fed. R. Civ. P. 45(e).  The party that served the
24   subpoena must file an application for the issuance of an order to show cause directed to the
25   recipient, explaining why a contempt citation should not issue.  *See Alcalde v. NAC Real Estate*
26   *Investments & Assignments, Inc*., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008).  Here, Plaintiffs have
27   not applied for an order to show cause.  Instead, Plaintiffs have brought a motion for finding of
28   contempt pursuant to Rule 45(e) and a motion to compel pursuant to Rule 45(c)(2)(B)(i).  However,

1  Rule 45(c)(2)(B)(i) only applies where the person commanded to produce documents has served "a

2  written objection to inspecting, copying, testing or sampling any or all of the materials or to

3  inspecting the premises--or to producing electronically stored information in the form or forms

4  requested." Fed. R. Civ. P. 45(c)(2)(B)(i).  Plaintiffs allege that Mr. Zeigermann has failed to timely

5  object or respond in any way to the subpoena.  Therefore, Rule 45(c)(2)(B)(i) does not apply, and

6  this Court will treat Plaintiffs' motion as an application for the issuance of an order to show cause

7  why a contempt citation should not issue.

8      **By no later than March 8, 2011,** Plaintiffs shall submit supplemental evidence and

9  information to establish that personal service of the subpoena was properly effected on Avraham

10  Zeigermann, as required by Rule 45(b)(1).

11      Immediately upon receipt of this Order, Plaintiffs shall personally serve a copy of this Order

12  and, if Plaintiffs have not already done so, a copy of Plaintiffs' Notice of Motion and Motion for

13  Finding of Contempt and to Compel Compliance with Document Subpoena and all supporting

14  documents on Avraham Zeigermann, and shall e-file a proof of service on the same day that service

15  is effected.  At the same time Plaintiffs' supplemental information as ordered herein is submitted to

16  the Court, Plaintiffs shall serve Mr. Zeigermann with a copy of the supplemental information and

17  file a proof of service with the Court.

18      IT IS SO ORDERED.

19

20  Dated: March 1, 2011

21

22                                  DONNA M. RYU
                                United States Magistrate Judge



2