Patricia L. Peden (CA 206440)
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, California 94608
Telephone: (510) 268-8033

Nicholas H. Patton (admitted pro hac vice)
Robert W. Schroeder III (admitted pro hac vice)
Geoffrey P. Culbertson (admitted pro hac vice)
PATTON, TIDWELL & SCHROEDER, L.L.P.
4605 Texas Boulevard
Post Office Box 5398
Texarkana, Texas 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233

Courtney Towle (CA 221698)
Patton, Tidwell & Schroeder, L.L.P.
1316 67th Street
Emeryville, CA 94608
Telephone: (415) 939-2133

Attorneys for Plaintiffs
VIESTE, LLC and VIESTE DEVELOPMENT, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| (1) VIESTE, LLC, an Indiana corporation; and<br>(2) VIESTE DEVELOPMENT, LLC; an Indiana corporation,<br>                Plaintiffs,<br>vs.<br>(1) HILL REDWOOD DEVELOPMENT, LTD., a British Virgin Islands corporation;<br>(2) HILL INTERNATIONAL, INC., a Delaware corporation;<br>(3) HILL INTERNATIONAL DEVELOPMENT LTD., A British Virgin Islands corporation;<br>(4) REDWOOD CAPITAL ADVISORS, LLC, a Delaware corporation;<br>(5) STEPHEN GOODMAN, individually; and<br>(6) S. DICK SARGON, individually;<br>                Defendants.<br><br>AND RELATED CROSS-CLAIMS. | CASE No. C09-04024 JSW (DMR)<br><br><br><br>**STIPULATION AND** ~~PROPOSED~~ **ORDER REGARDING NON-WAIVER AGREEMENT PURSUANT TO FED. R. EVID. 502** |

For good cause as detailed below, subject to the Court's approval, and to avoid unnecessary discovery motion practice, the undersigned parties hereby stipulate and agree Plaintiffs may produce attorney invoices requested by Defendants pertaining to legal work performed by Vieste's counsel on the projects in Xalapa, Mexico, Metropolis, Illinois and Aguascalientes Mexico without waiving privilege or work product with respect to the subject matter of the documents.

**WHEREAS:**

1. Defendants have asked Plaintiffs to produce project-related invoices and billing statements provided to Plaintiffs from the law firm of Drinker Biddle & Reath, LLP.

2. Plaintiffs have produced some of the requested documents in redacted form, asserting an attorney-client privilege.

3. On February 22, 2011, Defendants filed a motion to compel the production of the Drinker Biddle & Reath, LLC invoices.

4. On March 3, 2011, at the Court's direction, the parties conferred in an attempt to resolve their pending discovery disputes. To reach compromise, Plaintiffs agreed to produce DBR invoices relating to the projects at issue in this case provided Defendants agreed Plaintiffs' production would not be deemed a waiver of any applicable privilege, including a subject-matter waiver.

5. The parties agree Plaintiffs' production of the DBR invoices does not does not constitute a subject matter or other waiver of privilege or work product protection as to other documents or information.

6. Further the parties agree that they will not argue waiver of privilege or work product protection of other documents or information based on documents produced.

7. The parties understand that pursuant to Federal Rule of Evidence 502, a Federal Court may order that privilege or protection is not waived by disclosure in connection with the litigation before the court and that the disclosure is not a waiver in any other Federal or State proceeding. Accordingly, the parties hereby agree and stipulate the

production by Plaintiffs of privileged and work material in this case is not a waiver in this or any other Federal or State proceeding.

8. The parties agree that this Court should enter an order memorializing their agreement.

**WHEREFORE, THE PARTIES STIPULATE AS FOLLOWS:**

1. Plaintiffs' production of the DBR invoices does not constitute a subject matter or other waiver of privilege or work product protection as to other documents or information,

2. The parties will not argue waiver of privilege or work product protection of other documents or information based on documents produced.

3. Pursuant to Federal Rule of Evidence 502, the parties ask the Court to enter this stipulation and order so that Plaintiffs' privilege or protection is not waived by disclosure in connection with the litigation before the court and that the disclosure is not a waiver in any other Federal or State proceeding.

**IT IS SO STIPULATED**

DATED: March 18, 2011.

Respectfully submitted,

_____
PATRICIA L. PEDEN
LAW OFFICE OF PATRICIA L. PEDEN

Attorneys for Plaintiffs and Counter-Defendants and Compulsory-counterclaim Plaintiffs
VIESTE, LLC and VIESTE DEVELOPMENT, LLC

1
2                                          _____
                                           JASON GELLER
3                                          LONG & LEVIT LLP

4                                          Attorneys for Defendants and
                                           Counterclaimants
5                                          HILL REDWOOD DEVELOPMENT,
6                                          LTD., HILL INTERNATIONAL, INC.,
                                           HILL INTERNATIONAL
7                                          DEVELOPMENT, LTD., REDWOOD
                                           CAPITAL ADVISORS, LLC, and
8                                          Defendants STEPHEN GOODMAN, AND
9                                          S. DICK SARGON and compulsory
                                           counterclaims defendants, including Steven
10                                         E. Fishman.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

Good cause appearing for the stipulated relief requested above, the Court hereby orders as follows:

Plaintiffs' production of Drinker Biddle & Reath invoices, billing statements, and related documents does not constitute a subject matter or other waiver of privilege or work product protection as to other documents or information. The parties will not be permitted to argue waiver of privilege or work product protection of other documents or information based on documents produced. Pursuant to Federal Rule of Evidence 502, it is ordered that Plaintiffs' privilege or protection is not waived in any other federal or state proceeding by virtue of disclosure in connection with the litigation before this court.

IT IS SO ORDERED.




Dated: 3/23/2011

Hon. DONNA M. RYU
United States Magistrate Judge