Patricia L. Peden (CA 206440)
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street, Suite 6
Emeryville, California 94608
Telephone: (510) 268-8033

Nicholas H. Patton (admitted pro hac vice)
Robert W. Schroeder III (admitted pro hac vice)
Geoffrey P. Culbertson (admitted pro hac vice)
PATTON, TIDWELL & SCHROEDER, L.L.P.
4605 Texas Boulevard
Post Office Box 5398
Texarkana, Texas 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233

Courtney Towle (CA 221698)
Patton, Tidwell & Schroeder, L.L.P.
1316 67th Street
Emeryville, CA 94608
Telephone: (415) 939-2133

Attorneys for Plaintiffs
VIESTE, LLC and VIESTE DEVELOPMENT, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| (1) VIESTE, LLC, an Indiana corporation; and (2) VIESTE DEVELOPMENT, LLC; an Indiana corporation,<br>　　　　　　Plaintiffs,<br>v.<br>(1) HILL REDWOOD DEVELOPMENT, LTD., a British Virgin Islands corporation; (2) HILL INTERNATIONAL, INC., a Delaware corporation; (3) HILL INTERNATIONAL DEVELOPMENT LTD., a British Virgin Islands corporation; (4) REDWOOD CAPITAL ADVISORS, LLC., a Delaware corporation; (5) STEPHEN GOODMAN, individually; and (6) S. DICK SARGON, individually;<br>　　　　　　Defendants,<br><br>And related Counterclaim. | No. C 09-04024 JSW<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER GRANTING LEAVE TO PRODUCE DOCUMENTS RECEIVED FROM MR. ROBERT WESSELS AFTER THE CLOSE OF FACT DISCOVERY** |

For good cause as detailed below, subject to the Court's approval, and to avoid unnecessary discovery motion practice, the undersigned parties hereby stipulate and agree Plaintiffs may produce documents obtained from third-party, Mr. Robert Wessels, although the documents were produced by Plaintiffs after the fact discovery deadline.

**WHEREAS:**

1. Before the close of fact discovery, Plaintiffs serve a third-party deposition to Mr. Robert Wessels. On January 14, 2011, Mr. Wessels accepted service of Plaintiffs subpoena and agreed to produce responsive documents. Mr. Wessels was in the process of locating responsive documents to be produced to Plaintiffs (and by Plaintiffs to Defendants) before the close of fact discovery on February 15, 2011.

2. On February 15, 2011—the day the Wessels documents were to be produced—Defendants obtained a temporary protective order, precluding the production of Mr. Wessels's documents until Defendants' Motion to Quash was heard in the District Court for the District of Nevada. Defendants' counsel informed Mr. Wessels's counsel of the entry of the protective order and requested no documents be produced to Plaintiffs. Mr. Wessels's counsel honored the protective order.

3. On February 22, 2011, Defendants' Motion to Quash the Wessels Subpoena was heard, and denied.

4. Thereafter, Plaintiffs contacted Mr. Wessels's counsel and arranged for him to collect and produce documents to Plaintiffs. Mr. Wessels's documents were received by Plaintiffs on March 1, 2011.

5. On March 1, 2011 Plaintiffs produced to Defendants the documents they received from Mr. Wessels.

6. Because Plaintiffs did not produce the documents until after the close of fact discovery, leave of Court is required if Plaintiffs are to comply with the Court's Scheduling Order.

7. The parties hereby agree and stipulation that Plaintiffs had good cause for producing the Wessels documents after the close of fact discovery and leave should be granted to permit the production of those documents after the February 15, 2011 fact discovery deadline.

8. The parties seek the Court's approval of their stipulation, and request the court grant Plaintiffs leave to produce the Wessels documents.

9. No other changes to the Court's scheduling order are sought.

**WHEREFORE, THE PARTIES STIPULATE AS FOLLOWS:**

1. The parties agree Plaintiffs have shown good cause for the late production of Mr. Wessels's documents and should be granted leave from the Scheduling Order to produce those documents after the close of fact discovery. Mr. Wessels's documents shall be considered timely produced.

2. No other changes to the Court's Scheduling Order are sought.

**IT IS SO STIPULATED**

DATED: March 30, 2011.

Respectfully submitted,

_____
PATRICIA L. PEDEN
LAW OFFICE OF PATRICIA L. PEDEN
Attorneys for Plaintiffs and Counter-Defendants and Compulsory-counterclaim Plaintiffs
VIESTE, LLC and VIESTE DEVELOPMENT, LLC

_____
JASON GELLER
LONG & LEVIT LLP
Attorneys for Defendants and Counterclaimants HILL REDWOOD DEVELOPMENT, LTD., HILL INTERNATIONAL, INC., HILL INTERNATIONAL DEVELOPMENT, LTD., REDWOOD CAPITAL ADVISORS, LLC, and Defendants STEPHEN GOODMAN, AND S. DICK SARGON and compulsory counterclaims defendants, including Steven E. Fishman.

Stipulation and ~~Proposed~~ Order Granting Leave to Produce Documents Received From Mr. Robert Wessels After the Close of Fact Discovery – Page 2

ORDER

Good cause appearing for the stipulated relief requested above, the Court hereby orders:

Plaintiffs are granted leave from the Scheduling Order to produce documents received from Mr. Wessels in response to Plaintiffs' document subpoena. Those documents shall be considered timely produced.

No other changes to the Court's scheduling order are made.

IT IS SO ORDERED.

Dated: 4/1/2011

GRANTED
Judge Donna M. Ryu

Hon. DONNA M. RYU
United States Magistrate Judge