1

2

3

4                                    **NOT FOR CITATION**

5                    IN THE UNITED STATES DISTRICT COURT

6

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8    VIESTE, LLC, et al.,

9              Plaintiff and Counterdefendants,          No.  C 09-04024 JSW

10   v.                                                  **ORDER GRANTING IN PART
                                                         AND DENYING IN PART**
11   HILL REDWOOD DEVELOPMENT, et al.,                   **DEFENDANTS' MOTION TO
                                                         STRIKE COUNTERCLAIM IN**
12             Defendants and                            **REPLY**
               Counterclaimants.
13
                                                    /
14

15        Now before the Court is the motion filed by defendants and counterclaimants Hill

16   Redwood Development, Ltd., Hill International, Inc., Hill International Development Ltd., and

17   Redwood Capital Advisors, LLC, and defendants Stephen Goodman, S. Dick Sargon and

18   Steven Fishman (collectively "Defendants") to strike Vieste's Counterclaim in Reply.  (Doc. no.

19   188.)  Pursuant to Local Rule 7-1(b), the Court finds these matters suitable for resolution

20   without oral argument, and the hearing date set for April 8, 2011, is VACATED.  Having

21   carefully reviewed the parties' papers and considered the relevant legal authority, and good

22   cause appearing, the Court HEREBY GRANTS IN PART AND DENIES IN PART the motion

23   to strike.

24                                    **BACKGROUND**

25        The Court has set forth the facts underlying this dispute in several prior orders and,

26   accordingly, shall not repeat them here.  Rather, the Court shall only address those facts that are

27   necessary to the analysis of this motion.  On August 28, 2009, Vieste, LLC and Vieste

28   Development, LLC (collectively "Vieste") filed the original complaint in this matter.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   Thereafter, the parties engaged in motion practice regarding Vieste's claims, which resulted in

2   Vieste filing a First Amended Complaint ("FAC").  On March 30, 2010, the Court denied

3   Defendants' motion to dismiss certain claims raised in Vieste's FAC, and on April 13, 2010,

4   Defendants answered the FAC and asserted a counterclaim for negligent misrepresentation

5   against Vieste.

6          Vieste subsequently moved to strike certain affirmative defenses and to dismiss the

7   Counterclaim and moved for leave to file a Second Amended Complaint ("SAC") to add factual

8   allegations to the existing claims.  On July 13, 2010, the Court denied Vieste's motion to strike

9   and to dismiss and granted Vieste's motion for leave to file the SAC.  The Court set August 27,

10  2010 as the last day by which to request leave to amend the pleadings.

11         On July 6, 2010, Defendants filed a motion for leave to file a First Amended

12  Counterclaim.  By Order entered August 11, 2010, the Court granted Defendants leave to

13  amend their counterclaim to include Messrs. Comparato and Currise as counter-defendants and

14  to include the counterclaims for fraud and constructive fraud, but denied leave to include

15  Messrs. Bradley and Branaman as counter-defendants.

16         On August 26, 2010, Vieste filed a motion for leave to file a Third Amended Complaint

17  ("TAC") to add allegations that Steven Fishman is the alter ego of Redwood Capital Advisors,

18  LLC ("RCA").  The Court denied leave to file the TAC by Order entered October 29, 2010.

19  The Court held that it "would not permit Vieste to add Mr. Fishman as a defendant at this time,

20  as it offers to do in its reply, because there are absolutely no allegations that Mr. Fishman made

21  any alleged misrepresentations to Vieste."  (Doc. no. 146 at 11.)  The Court noted that "Vieste

22  will not be prejudiced by the Court's ruling, because it is free to assert an alter ego theory

23  against Fishman if and when a judgment is entered against RCA."  (*Id.* at 11.)

24         After the Court denied Vieste's motion to dismiss and strike portions of Defendants'

25  First Amended Counterclaim ("FACC"), Vieste timely filed an answer to the FACC on

26  November 12, 2010.  As part of the answer, Vieste filed a Counterclaim in Reply ("CIR").

27  (Doc. no. 154.)   Plaintiffs included counterclaims alleging that Mr. Fishman "is the alter ego of

28  RCA" and that Mr. Fishman "is jointly and severally liable for RCA's obligations to Vieste."

2

United States District Court

For the Northern District of California

1    (*Id.* ¶¶ 161, 177.)  The Court issued a summons as to Mr. Fishman on January 10, 2011 (doc.no.

2    166), and Mr. Fishman was served on January 14, 2011 (Defs' Motion to Strike Counterclaim

3    in Reply ("Mot.") at 6).  All Defendants filed the present motion on February 4, 2011.

4           The Court admonishes counsel to comply with the Local Rule 3-4(c)(2) concerning font

5    requirements for written text, including footnotes.  The Court will not consider arguments raised

6    in footnotes that do not conform to the Court's font requirements.

7                                                **ANALYSIS**

8           **1.      Legal Standard**

9           "The court may order stricken from any pleading any insufficient defense or any

10   redundant, immaterial, impertinent, or scandalous material."  Fed. R. Civ. P. (12)(f).  Immaterial

11   matter "is that which has no essential or important relationship to the claim for relief or the

12   defenses being pleaded."  *Cal. Dept. of Toxic Substance Control v. ALCO Pac., Inc.*, 217 F.

13   Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted).  Impertinent

14   material "consists of statements that do not pertain, or are not necessary to the issues in

15   question."  *Id*.  Motions to strike are regarded with disfavor because they are often used as

16   delaying tactics and because of the limited importance of pleadings in federal practice.

17   *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  "[M]otions to

18   strike should not be granted unless it is clear that the matter to be stricken could have no

19   possible bearing on the subject matter of the litigation."  *Id.*  Ultimately, the decision as to

20   whether to strike allegations is a matter within the Court's discretion.  *Id*.

21          **2.      Defendants' Motion to Strike Is Untimely.**

22          Defendants' motion to strike the counterclaims in reply is denied on the ground that it is

23   untimely.  Defendants, having already appeared in this action, were served with the CIR

24   through the Court's electronic filing system on November 12, 2010.  Defendants were therefore

25   required to file the motion to strike "either before responding to the pleading or, if a response is

26   not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. Proc. 12(f)(2).

27   Defendants contend that because a responsive pleading to a CIR is permitted, they filed the

28   instant motion to strike in response to the CIR.  (Reply at 12.)  Pursuant to Rule 12(a), an

1    answer to a counterclaim or crossclaim must be served within 21 days after being served with

2    the pleading.  Because Defendants did not file the motion to strike the CIR by December 3,

3    2010, the motion to strike counterclaims in reply against Defendants other than Mr. Fishman is

4    untimely.  With respect to Mr. Fishman, however, who was served on January 14, 2011,

5    Plaintiffs do not contend that his motion to strike the allegations against him is untimely.

6         The Court proceeds to consider "on its own" whether to strike Plaintiffs' counterclaims

7    in reply against Defendants pursuant to Rule 12(f)(1).

8         **3.       Only First through Sixth Counterclaims In Reply Are Compulsory.**

9         Counterclaims in reply are permitted only if they are compulsory counterclaims and not

10   if they are permissive counterclaims.  *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1525 (9th

11   Cir. 1985).  A compulsory counterclaim is any claim against an opposing party, that the pleader

12   has at the time of service, if it "arises out of the transaction or occurrence that is the subject

13   matter of the opposing party's claim."  Fed. R. Civ. P. 13(a).  To determine if claims arise out of

14   the same transaction or occurrence, courts in the Ninth Circuit consider "whether the essential

15   facts of the various claims are so logically connected that considerations of judicial economy

16   and fairness dictate that all of the issues be resolved in one lawsuit."  *Hydranautics v. FilmTec*

17   *Corp.*, 70 F.3d 533, 536 (9th Cir. 1995).  In determining whether claims are logically

18   connected, courts should consider whether "the facts necessary to prove the []two claims

19   substantially overlap, and whether the collateral estoppel effect of the first action would

20   preclude the claims from being brought in a later action." *Pochiro v. Prudential Ins. Co. of Am.,*

21   827 F.2d 1246, 1251 (9th Cir. 1987).  The Court declines to adopt the requirement proposed by

22   Defendants that counterclaims in reply be "separate and distinct" from the underlying claims in

23   the complaint.   (Defs' Reply to Opp. ("Reply") at 4-5 (citing *Natomas Gardens Inv. Group,*

24   *LLC v. Sinadinos*, 2010 WL 1558961 (E.D. Cal. April 19, 2010).)  *See Electroglas, Inc. v.*

25   *Dynatex Corp.*, 473 F.Supp. 1167, 1171-72 (N.D. Cal. 1979) (permitting counterclaim in reply

26   that "reasserts the antitrust claims" alleged in complaint).

27        Plaintiffs allege the following claims in the CIR: (1) fraud and intentional

28   misrepresentation; (2) negligent misrepresentation; (3) constructive fraud; (4) breach of

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

contract; (5) breach of implied covenant of good faith and fair dealing; (6) promissory estoppel; (7) intentional interference with prospective economic advantage; and (8) negligent interference with prospective economic advantage.  Plaintiffs have demonstrated that the First through Sixth counterclaims in reply against Defendants rest on the same nucleus of operative facts, communications, parties, contracts and projects alleged in Defendants' FACC.  (Pls' Opposition to Mot. to Strike ("Opp.") at 7.)   These counterclaims contend that "the projects' failure was not the result of Plaintiffs' representations that the cities were willing to sign Joint Operating Agreements ("JOA"), as pleaded in the FACC, but rather the result of Defendants' failure to provide the promised seed money for the projects."  (Opp. at 2.)  The Court therefore declines to strike the First through Sixth counterclaims in reply against Defendants.  Defendants will not be prejudiced by the allegations of the First through Sixth counterclaims in reply at this stage of litigation because they are "virtually identical [to] the six causes of action in the SAC" and do not introduce new areas for discovery.  (*See* Mot. at 11-12.)

The CIR further alleges new counterclaims of intentional and negligent interference with prospective economic advantage arising out of Defendants' alleged efforts to circumvent Vieste and work directly with the cities whom Defendants allege were not willing to sign JOAs for the projects.  (Opp. at 2.)   These allegations concerning Defendants' alleged attempts to pursue development opportunities with the City of Xalapa and the City of Metropolis without Plaintiffs' involvement (CIR ¶¶ 126-27, 209-220) do not arise out of the same transaction as Defendants' counterclaims concerning the "potential creation of a joint entity that would partner with each of those municipalities" to pursue the Xalapa and Metropolis projects.  (*See* FACC ¶¶ 22-28.)  Plaintiffs' tortious interference claims necessarily arise from a separate transaction by Defendants that was independent of the proposed joint venture with Vieste.  Plaintiffs' Seventh and Eighth Counterclaims in Reply therefore are not compulsory counterclaims and are hereby stricken as immaterial and impertinent.  *See Conceptus, Inc. v. Hologic, Inc.*, 2010 WL 1460162 (N.D. Cal. April 12, 2010).

United States District Court
For the Northern District of California

1

      **4.      Plaintiffs' Counterclaims In Reply Against Fishman Are Not Compulsory.**

2

      With respect to the counterclaims in reply against Mr. Fishman, the allegations that

3

RCA and Mr. Fishman are alter egos of each other do not have a logical connection to the

4

transactions or occurrences at issue in Defendants' FACC.  Rather, Plaintiffs' alter ego theory

5

would arise from the relationship between RCA and Mr. Fishman.  The Court determines that

6

the alter ego allegations against Mr. Fishman (CIR ¶¶ 161-177) are not compulsory

7

counterclaims and are therefore stricken as immaterial or impertinent pursuant to Rule 12(f).

8

Defendants' motion to strike alter ego allegations against Mr. Fishman (CIR ¶¶ 161-177) is

9

GRANTED and Mr. Fishman shall be terminated as a counter-defendant in this action.

10

      To the extent that the counterclaims against Mr. Fishman alleged in the CIR are not

11

compulsory pursuant to Rule 13(a), Plaintiffs would be required to seek leave to amend.

12

Because the time to seek leave to amend has passed, the non-compulsory counterclaims against

13

Mr. Fishman are untimely.  As the Court has earlier ruled, Plaintiffs will not be prejudiced by

14

denial of leave to add alter ego allegations because Mr. Fishman may be added as an alter ego

15

judgment debtor if Plaintiffs obtain a judgment against RCA.  (Doc. no. 146 at 11-12.)

16

                                     **CONCLUSION**

17

      For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART

18

Defendants' motion to strike.  The parties are ordered to meet and confer as to whether

19

Defendants' Answer to the SAC should be deemed responsive to the First through Sixth

20

Counterclaims in Reply alleged in the CIR.  By April 12, 2011, either the parties must file a

21

stipulation that the Answer to the SAC is deemed as responsive to the surviving Counterclaims

22

in Reply, or Defendants must file a responsive pleading.

23

24

      **IT IS SO ORDERED.**

25

26

Dated:   April 5, 2011

27

                                  JEFFREY S. WHITE
                                  UNITED STATES DISTRICT JUDGE

28