UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, ET AL., | No. C-09-04024 JSW (DMR) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF FROM EXPERT DISCLOSURE AND DISCOVERY DEADLINES** |
| v. | |
| HILL REDWOOD DEVELOPMENT, ET AL., | |
| Defendants. | |

On May 27, 2011, Plaintiffs filed a motion for administrative relief pursuant to Civil Local Rule 7-11. Plaintiffs' motion seeks permission for late disclosure of an expert report on alter ego issues; Defendants filed a response. *See* Docket Nos. 329-332. The matter is deemed submitted for immediate determination without hearing. Civil L.R. 7-11(c).

The deadline for disclosing experts was February 22, 2011, followed by a March 22, 2011 cut-off for completion of expert discovery. Docket No. 129. Plaintiffs did not disclose Dr. Nisha Mody's expert report on alter ego issues until May 6, 2011. Plaintiffs argue that late disclosure is justified by Defendants' actions in withholding pertinent discovery until March and April 2011, providing incorrect and misleading discovery responses, instructing deponents not to answer questions relating to alter ego issues, and engaging in other discovery abuses. Plaintiffs contend that these discovery failures resulted in Plaintiffs' inability to engage an expert on this subject until after the disclosure deadline, and that Dr. Mody's opinions were provided to Defendants without undue delay and more than ninety days before trial.

Defendants argue that Plaintiffs pursued alter ego issues since at least June 2010, but did not raise the prospect of disclosing an expert on the topic, did not seek relief from the February 22, 2011 expert disclosure deadline, and should not be excused from their obligation to meet that deadline. Defendants contend that Plaintiffs timely identified Dr. Mody as a damages expert, but failed to put Defendants on notice that Dr. Mody would also offer opinions on alter ego liability. Finally, Defendants argue that expert opinion on the subject of alter ego is improper under Federal Rule of Evidence 702.

As to the question of the timing of Dr. Mody's May 6, 2011 report, there is ample good cause supporting Plaintiffs' delay. Defendants have been sanctioned on three separate occasions for discovery abuses in this case. *See* Docket Nos. 192, 315, and 334. Among other things, this Court noted that Defendants repeatedly violated court-ordered deadlines to produce discovery which impeded Plaintiffs' ability to conduct alter ego discovery, to engage in expert discovery, and to prepare for summary judgment and trial. Docket No. 334.

Defendants argue, however, that Plaintiffs should at least have raised the prospect of an alter ego expert. Plaintiffs could have given timely notice of their intent to name an alter ego expert, and then sought additional time to identify the expert and produce a written report. Under other circumstances, Defendants' point would be well-taken. Defendants correctly note that the disclosure rules exist at least in part to avoid opportunities for a party to "sandbag" the opposition. However, in the context of this case, Plaintiffs should be given the benefit of the doubt. Plaintiffs have not tried to hide the ball. Defendants concede that Plaintiffs have vigorously pursued the alter ego doctrine for the better part of a year. Plaintiffs' failure to leave a timely place holder for an alter ego expert is a predictable consequence of Defendants' significant documented discovery abuses.

In granting administrative relief from the expert disclosure deadline, this Court expressly does not rule on the merits of whether the expert report should be excluded under Federal Rule of Evidence 702, or any other basis. Such issues are more appropriately determined by the trial judge in this matter.

Plaintiffs' motion for administrative relief is GRANTED. Plaintiffs shall tender Dr. Mody for deposition regarding expert opinions on the subject of alter ego at a mutually agreeable place and time.

Dated: June 3, 2011



_____
DONNA M. RYU
United States Magistrate Judge