IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIESTE, LLC, et al.,

    Plaintiffs,

v.

HILL REDWOOD DEVELOPMENT, LTD., et al.,

    Defendants.

                                      /

No. C 09-04024 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 10, 2011, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court reserves issuing a tentative ruling on the motions for summary judgment. Each party shall have twenty (20) minutes to address the following questions:

1. In its April 5, 2011 Order, the Court admonished the parties to comply with Local Rule 3-4(c)(2) concerning font requirements for footnotes and it advised that it will not consider arguments raised in footnotes that do not conform to the Court's font requirements. Each parties' opening brief violates Local Rule 3-4(c)(2). Given the Court's previous warning, why should the Court consider any material included in the footnotes in the parties' opening briefs?

2. Defendants note that their motion does not address the Counterclaims-in-Reply ("CIR"), in part because their motion to strike was pending at the time they filed the motion for summary judgment. (Def. MSJ at 10 n. 10.) The Court granted, in part, Defendants motion to strike, and the only CIRs that remain pending are claims are identical to the claims that have been asserted in the Second Amended Complaint ("SAC"). Do the parties agree that the Court's ruling on Defendants' motion would apply equally to those claims? The Court advises the parties that it will not allow an opportunity to file additional motions for summary judgment. (*See id.*)

3. Pursuant to Federal Rule of Civil Procedure 9(b), Hill, HID, HRD and RCA were required to set forth with specificity the factual allegations underlying their claims for fraud and negligent misrepresentation. In their First Amended Counterclaims ("FACC"), they alleged that the statements that were alleged to be false were: that Metropolis and Xalapa were prepared to sign Joint Operating Agreements ("JOAs") with Plaintiffs, that the municipalities would provide land for use in the projects; and that the municipalities would provide financial support for the projects. (FACC ¶¶ 18, 19, 22, 23.) Hill, HID, HRD and RCA also allege that Plaintiffs stated that the JOAs were for "public-private real estate development projects." (FACC ¶ 18.) In their opposition, Hill, HID, HRD and RCA suggest that Plaintiffs made additional false statements that are not specifically alleged in the FACC, such as that Plaintiffs "had strong political connections in each case...," but they did not seek leave to amend the

1    original counterclaim or the FACC to include this or any additional factual statements.
2    (Opp. to Plaintiffs' MSJ at 8:6.)
3        a.   Are Hill, HID, HRD and RCA relying on such statements to support their claims
4             against Plaintiffs?
5        b.   If so, what is their best argument that the Court can - and should - consider these
6             statements for purposes of resolving Plaintiffs' motion for summary judgment?
7   4.   With respect to the statements that are set forth in the FACC:
8        a.   Where in the record can the Court find support for the false statements that were
9             made on August 27, 2008, the record evidence to support that the statements
10            were made to each of the four counterclaimants, and the record evidence that
11            each of the four counterclaimants relied on the alleged misrepresentations?
12       b.   Where in the record can the Court find support for the false statements that were
13            made between August 27, 2008 and October 15, 2008, the record evidence to
14            support that the statements were made to each of the four counterclaimants, and
15            the record evidence that each of the four counterclaimants relied on the alleged
16            misrepresentations?
17       c.   Where in the record can the Court find support for the false statements that were
18            made on October 15 and 16, 2008, the record evidence to support that the
19            statements were made to each of the four counterclaimants, and the record
20            evidence that each of the four counterclaimants relied on the alleged
21            misrepresentations?
22       d.   Where in the record can the Court find support for the false statements that were
23            made between October 16, 2008 and March 2009, the record evidence to support
24            that the statements were made to each of the four counterclaimants, and the
25            record evidence that each of the four counterclaimants relied on the alleged
26            misrepresentations?
27  5.   Although Hill, HID, and RCA argue Plaintiffs are trying to "have it both ways," quite
28       frankly the Court does understand these Defendants' argument that they cannot be liable

3

on Plaintiffs' claims against them, because Goodman and Sargon were not acting on their behalf, but that they are entitled to rely on Plaintiffs' alleged misrepresentations because HRD was a joint venture between Hill and/or HID and RCA. In light of the fact that these Defendants have asserted affirmative claims against Plaintiffs, why should the Court assume Plaintiffs' allegations of liability are true to resolve the issue of whether the Counterclaims are viable, and on what legal authority do these Defendants rely to support that procedural argument? (*See* Opp. to Plaintiffs' MSJ at 16:6-8; *see also id.* at 14:27-28 (arguing it will be a question of fact for the jury to determine whether Vieste made representations to ... different Counterclaimants.")

    a.    Are these Defendants contending that a fact finder will have to make a credibility determination about whether Sargon and Goodman were in fact acting on behalf of entities other than HRD? If so, how can these Defendants overcome the interrogatory responses that Plaintiffs claim conclusively establish that Sargon and Goodman were acting only on HRD's behalf during their interactions with Plaintiffs?

    b.    Plaintiffs also argue that no one acting on HID's behalf was present at the October 15 and 16, 2008 meetings. However, the record citation they rely on does not support that proposition. (*See* Plaintiffs' MSJ at 12:21 (citing "Peden Decl, Ex. E (Goodman Tr. 81:20-22).) Is there other evidence in the record to support Plaintiffs' position?

6. Plaintiffs argue that RCA cannot show it suffered any damages "because no RCA person worked on the projects." (Plaintiffs' MSJ at 16:6-8.) However, on June 3, 2011, Judge Ryu issued an Order on Plaintiffs' motion for sanctions, in which she found that "it is deemed established for purposes of this action that TaLisha Humprey, Lucy Ngan, Maria Rogers, and Jasmine Youngblood were RCA employees who worked on the Xalapa and Metropolis projects." (Docket No. 334 at 8:10-12.) How does this finding impact Plaintiffs' argument that RCA will not be able to establish damages?

4

7. In their reply brief, Plaintiffs object to the Declarations of Charles Dombrowski and Steven H. Freiberg, in part, on the basis these individuals were not disclosed in the counterclaimant's Rule 26(a) disclosures, and they ask the Court not to consider these declarations, pursuant to Federal Rule of Civil Procedure 37(c).

   a. How do Hill, HID, HRD and RCA respond to Plaintiffs' objections?

   b. Did Plaintiffs move for sanctions with respect to these witnesses before Judge Ryu? If not, given the Court's referral order, why should the Court consider this matter in the first instance?

8. Plaintiffs set forth the terms of the alleged oral agreement at paragraph 22 of the SAC. Is the Court correct that the only terms Plaintiffs allege Defendants breached were that RCA "would fund all 'seed equity' to cover fees and expenses from October 15, 2008 to project closings; and that seed funding would occur upon execution of memoranda of understanding with each municipality?" (SAC ¶ 22.)

   a. What is Plaintiffs' best argument that Mr. Comparato's declaration asserting that Vieste Development LLC "ratified and adopted th eparties' oral project-specific agreements" is sufficient to create a genuine issue of material fact to overcome Defendants' argument that it has no claim for breach of an oral contract?

9. In their Joint Case Management Statement filed on May 7, 2010, the parties stated that they would agree to conduct a further private mediation session after the close of fact discovery.

   a. Have the parties engaged in further mediation?

   b. Does either party believe that it would be fruitful to conduct a further ADR session, including a settlement conference with a Magistrate Judge, before the Court issues its ruling on these motions?

//
//
//

5

10. Without re-arguing matters set forth in their briefs, are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: June 9, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE