IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIESTE, LLC, ET AL.,

    Plaintiffs,

v.

HILL REDWOOD DEVELOPMENT, ET AL.,

    Defendants.

AND RELATED COUNTERCLAIMS
_____/

No. C 09-04024 JSW

**COURT'S INTENDED VOIR DIRE**

    The parties are HEREBY ADVISED that the following constitutes the Court's Intended Voir Dire. Any objections thereto must be filed by no later than February 17, 2012.

**IT IS SO ORDERED.**

Dated: February 1, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

This dispute arises out of an unsuccessful venture to develop real estate projects in Metropolis, Illinois, which I will refer to as the Metropolis Project, and projects in Xalapa, Veracruz, Mexico, which I will refer to as the Xalapa Projects. In brief, Plaintiffs in this case allege that Defendants made various misrepresentations to them in connection with these projects. The Defendants, in turn, allege that Plaintiffs made misrepresentations to them in connection with these projects. Each side denies that they made any misrepresentations to the other. If you are selected as a juror, I will provide you with more detail about the nature of the parties' claims and defenses.

**QUESTIONS FOR THE PANEL**

1. Has any member of the panel heard or read anything about the case?
2. As I said, my name is Jeffrey S. White. Do any of you know me?
3. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?
4. The Plaintiffs in this case are Vieste LLC and Vieste Development LLC. The Court shall refer to these entities collectively as the "Vieste Parties." Both are Indiana companies. Vieste LLC is also a defendant to counterclaims brought by the Defendants. The Vieste Parties have offices in Chicago, Illinois and Indianapolis, Indiana. The members of the Vieste Parties are Mike Comparato, Don Currise, and Mark Branaman. **Depending on the outcome of the Motion for Clarification, the Court also shall add the following:** *Mr. Comparato and Mr. Currise also are individual defendants to counterclaims brought by the Defendants. Mr. Comparato lives in _____, and Mr. Currise lives in \_\_\_\_\_.*

    a. Are any of you familiar with the Vieste Parties or their members?
5. The Vieste Parties are represented by Patricia Peden, Courtney Towle, Geoff Culbertson, and Nicolas Patton. Ms. Peden has her own law practice in Emeryville, California. She lives in Piedmont, California. Ms. Towle, Mr. Culbertson and Mr. Patton work for the law firm of Patton, Tidwell & Schroeder. Ms. Towle lives in San Francisco and Messrs. Culbertson and Patton live in Texas.

2

1        a.    Are any of you familiar with or do any of you know any of these persons?

2  6.    There are six Defendants in this case. I am going to tell you who each Defendant is and then I will ask if any of you are familiar with or if any of you know any of the Defendants.

**Hill International, Inc.** offers extensive project management and construction claims consulting services worldwide.

**Hill International Development, Ltd.** is a British Virgin Islands Limited Liability Company. Hill International Development Ltd. is headquartered in Marlton, New Jersey. Hill International Development has two members: Irvin Richter and S. Dick Sargon. The President of Hill International Development, Ltd. is S. Dick Sargon.

**S. Dick Sargon** is also an individual defendant. He lives in Danville, California and works out of Hill International Inc.'s office in San Ramon, California.

**Redwood Capital Advisors, LLC** is a Delaware Limited Liability Company. Redwood Capital Advisors, LLC is a firm that provides real estate financing related services with offices in Pleasanton, California. At the time of the events giving rise to this lawsuit, Stephen Goodman was the President and co-owner of Redwood Capital Advisors.

**Stephen Goodman** also is an individual defendant. Mr. Goodman lives in Pleasanton, California.

**Hill Redwood Development, Ltd.** is a British Virgin Islands company. Hill Redwood Development is a joint venture between Hill International Development, Ltd. and Redwood Capital Advisors.

     a.    Are any of you familiar with or do any of you know any of these persons or entities?

     b.    Have any of you or any member of your family or close friends worked for or with any of these persons or entities?

     c.    Do any of you or any member of your family own stock in Hill International, Inc.?

3

      d.    Have any of you, any member of your family, or a close friend had any business dealings with Mr. Richter, Mr. Sargon, or Mr. Goodman?

7. All six Defendants are represented by Fulton M. Smith III, Daniel J. Crawford, Juan Araneda, David Borovsky, and Jason Geller all of whom are with the law firm of Meckler Bulger Tilson Marick & Pearson LLP. Mr. Crawford is also Executive Vice-President and General Counsel of Edgewood Partners Insurance Center (EPIC) in San Mateo, California. Prior to retaining the Meckler Bulger firm, Defendants were represented by the law firm of Long & Levit and attorneys David Nemecek, Ari Baruth and Michael Higginbotham. Mr. Smith III lives in Mill Valley, California. Mr. Crawford lives in San Mateo. Mr. Araneda, Mr. Borovsky, and Mr. Geller live in San Francisco. Mr. Nemecek and Mr. Baruth live in San Francisco. Mr. Higginbotham lives in Greenbrae.

      a.    Are any of you familiar with or do any of you know any of Defendants' current or prior counsel or their law firms?

8. The parties may also call the following witnesses:

[names to be read from witness lists]

      a.    Are any of you familiar with or do any of you know any of the potential witnesses?

9. Do any of you know anything about Metropolis, Illinois?

      a.    What do you know about Metropolis?

      b.    Do you have relatives in Metropolis?

      c.    Have you ever lived in or traveled to Metropolis?

10. Do any of you know anything about Xalapa, Veracruz, Mexico?

      a.    What do you know about Xalapa?

      b.    Do you have relatives in Xalapa?

      c.    Have you ever lived in or traveled to Xalapa?

11. Do any of you speak or read Spanish?

    a.    If so, would you have any problem following a translation as opposed to your own interpretation of either testimony in Spanish or a translation from Spanish?

12. Have any of you been in business for yourself or has any member of your family or a close friend ever been in business for themselves?

    a.    What was the nature of the business?

    b.    Is there anything about that experience that would make it difficult for you to sit as a juror in this case?

13. Have any of you, a member of your family, or a close friend ever had a job in management?

    a.    How many people did you or the person close to you manage or supervise?

    b.    Did you or the person close to you have the authority to hire and/or fire employees?

14. Have any of you have ever been an officer or director of a corporation, including a non-profit?

    a.    What was the general nature of that experience?

    b.    Is there anything about that experience that would make it difficult for you to sit as a juror in this case?

15. Have any of you or any member of your family or a close friend ever had training, education or employment in any of the following fields:

    a.    commercial real estate

    b.    real estate development

    c.    real estate finance

    d.    urban planning, economic development, or economic redevelopment

    e.    venture capital or investments

    f.    banking

    g.    finance

    h.    accounting or auditing

|     |     |     |                                                                                          |
| --- | --- | --- | ---------------------------------------------------------------------------------------- |
| 1   |     | i.  | business administration                                                                  |
| 2   |     | j.  | law                                                                                      |
| 3   | 16. |     | Have any of you, any member of your family, or a close friend ever been involved in purchasing or managing real estate as an investment? |
| 5   | 17. |     | Have any of you, any member of your family, or a close friend ever worked in the office of a city manager, mayor, city attorney or city council person? |
| 7   | 18. |     | Have any of you, any member of your family, or a close friend ever invested or been involved in a real estate development project of any kind, such as a general partner, limited partner, joint venture, etc.? |
| 10  |     | a.  | Is there anything about that experience that would make it difficult for your to sit as a juror in this case? |
| 12  | 19. |     | Have any of you, any member of your family, or a close friend ever been involved in the raising of seed capital, venture capital financing, or business start-up financing or worked for a company that was seeking early stage financing? |
| 15  | 20. |     | Have any of you, any member of your family, or a close friend ever been involved in a bad business deal? |
| 17  |     | a.  | Is there anything about that experience that would make it difficult for you to serve as a juror in this case? |
| 19  | 21. |     | Have any of you, any member of your family, a close friend, your employer, or your spouse or partner's employer ever been accused of fraud? |
| 21  |     | a.  | Is there anything about that experience that would make it difficult for you to serve as a juror in this case? |
| 23  | 22. |     | Have any of you ever invested in real estate — other than your residence apartment, condominium, townhome or house? |
| 25  | 23. |     | Have any of you ever invested in the stock market?                                       |
| 26  | 24. |     | Have you ever invested in the bond market?                                               |

25. The parties in this case seek monetary damages from one another. Is there anything about the fact that you may be required to award damages, including the possibility of punitive damages, that would make it difficult for you to serve as a juror in this case?

26. Do any of you belong to or generally agree with the goals of any organization or movement to place a limitation or "cap" on the amount of damages that may be awarded in lawsuits?

   a. Is there anything about your involvement or feelings that would make it difficult for you to serve as a juror in this case?

27. Do any of you believe there are too many lawsuits filed? For any of you who answered in the affirmative, I will ask you to provide a brief summary as to why you feel that way and whether those feelings would make it difficult for you to serve as a juror in this case.

28. Do any of you have any negative feelings or beliefs about people or companies that bring lawsuits? For any of you who answered in the affirmative, I will ask you to provide a brief summary as to why you feel that way and whether those feelings would make it difficult for you to serve as a juror in this case.

29. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, including any instructions I may give you on damages and punitive damages, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

30. Having heard these questions, do any of you feel that there is anything in your own life that seems to connect or relate to some issue in this case?

   a. Is there anything about those feelings that would make it difficult for you to serve as a juror in this case?

31. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on

the evidence presented to you and in the context of the Court's instructions to you on the law?

32. Is there anything else that you would like to bring to the Court's attention (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?