IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, ET AL., | |
| Plaintiffs, | No. C 09-04024 JSW |
| v. | **COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS** |
| HILL REDWOOD DEVELOPMENT, ET AL., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

The parties are HEREBY ADVISED that the following constitutes the Court's Proposed Preliminary Jury Instructions. Any objections thereto must be filed by no later than February 17, 2012.

**IT IS SO ORDERED.**

Dated: February 3, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

This dispute arises out of an unsuccessful venture to develop real estate projects in Metropolis, Illinois, which I will refer to as the "Metropolis Project", and projects in Xalapa, Veracruz, Mexico, which I will refer to as the "Xalapa Projects."

Plaintiffs, Vieste LLC and Vieste Development LLC, whom I will refer to as the "Vieste Parties," provide services to public, private, and non-profit clients who are seeking to develop real estate projects.

Defendant Hill International, Inc. ("Hill") manages construction projects and provides project development services. Defendant Hill International Development, Ltd. ("HID") is a subsidiary of Hill. The Court shall refer to Hill and HID collectively as the "Hill companies." Defendant Redwood Capital Advisors, LLC ("RCA") is a firm that provides real estate financing related services. Defendant Hill Redwood Development, Ltd. ("HRD") is a joint venture of HID and RCA formed to pursue real estate development projects. Defendant S. Dick Sargon is an executive with the Hill companies and Co-President of HRD. Defendant Steve Goodman was the President of RCA and Co-President of HRD.

The Vieste Parties allege they worked to cultivate business opportunities in Metropolis and Xalapa and thereafter, from the fall of 2008 through early 2009 had agreed to pursue the development of the Xalapa and Metropolis Projects with the Defendants. The Vieste Parties allege that Defendants committed to provide "predevelopment" or "seed money" for the Xalapa and Metropolis projects, but did not. The Vieste Parties allege that Defendants, by not disclosing the fact that they did not have the money, are responsible for the projects' not moving forward. The Vieste Parties now seek to recover their losses.

Defendants disagree with the Vieste Parties' position that there was a commitment to fund predevelopment or seed money. Defendants allege their obligation was to assist in obtaining the predevelopment money rather than pay it. Further, Defendant HRD contends

that the Vieste Parties made misrepresentations that the cities of Xalapa and Metropolis were willing to sign a joint operating agreement stating that the Cities would provide the necessary land and financial support for the projects. Defendants seek to recover their losses.

The Vieste Parties deny they made any misrepresentations to Defendants and allege that the Cities were willing to enter into joint operating agreements for the Xalapa and Metropolis Projects.I will provide you with more instructions on all of the parties' claims and defenses after the evidence has been presented.

**BURDEN OF PROOF**

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**BURDEN OF PROOF**

**CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence. You should base your decision on all of the evidence, regardless of which party presented it. This burden of proof is higher than a preponderance of the evidence but less than proof beyond a reasonable doubt.

**TWO OR MORE PARTIES - DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give you a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1 **CONDUCT OF THE JURY**

2 I will now say a few words about your conduct as jurors.

3 First, keep an open mind throughout the trial, and do not decide what the verdict
4 should be until you and your fellow jurors have completed your deliberations at the end of
5 the case.

6 Second, because you must decide this case based only on the evidence received in the
7 case and on my instructions as to the law that applies, you must not be exposed to any other
8 information about the case or to the issues it involves during the course of your jury duty.
9 Thus, until the end of the case or unless I tell you otherwise:

10 Do not communicate with anyone in any way and do not let anyone else communicate
11 with you in any way about the merits of the case or anything to do with it. This includes
12 discussing the case in person, in writing, by phone or electronic means, via e-mail, text
13 messaging, or any Internet chat room, blog, Tweet, Web site or other feature. This
14 prohibition applies to communicating with everyone else including your family members,
15 your employer, the media or press, and the people involved in the trial, although you may
16 notify your family and your employer that you have been seated as a juror in the case.
17 **However, you may discuss with fellow jurors the testimony as it is presented, provided**
18 **that all jurors are present for the discussion. You are to keep an open mind throughout**
19 **the case until you have fully deliberated.** But, if you are asked or approached in any way
20 about your jury service or anything about this case, you must respond that you have been
21 ordered not to discuss the matter and to report the contact to the court.

22 Because you will receive all the evidence and legal instruction you properly may
23 consider to return a verdict: do not read, watch, or listen to any news or media accounts or
24 commentary about the case or anything to do with it; do not do any research, such as
25 consulting dictionaries, searching the Internet or using other reference materials; and do not
26 make any investigation or in any other way try to learn about the case on your own.

27 The law requires these restrictions to ensure the parties have a fair trial based on the
28 same evidence that each party has had an opportunity to address. A juror who violates these

1 restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that
2 would require the entire trial process to start over. If any juror is exposed to any outside
3 information, please notify the court immediately.