IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIESTE, LLC, ET AL., | |
| Plaintiffs, | No. C 09-04024 JSW |
| v. | **ORDER REGARDING LOST PROFITS** |
| HILL REDWOOD DEVELOPMENT, ET AL., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS / | |

On February 8, 2012, Defendants filed a Designation of Issue the Court Should Rule on to Facilitate Settlement, in which they ask the Court to determine whether Plaintiffs are entitled to seek damages for lost profits on their claims for misrepresentation and quantum meruit. (Docket No. 446). Defendants also raised this issue in their trial brief (Docket No. 426).[1] Defendants argue that Plaintiffs are not entitled to seek lost profits as a category of damages. Specifically, Defendants argue that "all damages sought by plaintiffs must be limited to an out-of-pocket measure, not a benefit-of-the-bargain measure." (Defendants Trial Brief at 6:20-21.)

Under California law, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable *for any damage* which he thereby suffers." Cal. Civ. Code § 1709 (emphasis added). California law also provides that "[f]or the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly

---

[1] The Court notes that, in their motion for summary judgment, Defendants did not argue that Plaintiffs could not, as a matter of law, seek lost profits as a category of damages. Rather, Defendants argued that Plaintiffs would not be able to show that they were entitled to lost profits because their evidence was too speculative. The Court concluded otherwise, and it found that Plaintiffs had put forth sufficient evidence to overcome Defendants' motion. The Court also has denied Defendants' motion to preclude Plaintiffs' expert, Dr. Nisha Mody, from testifying at trial, and it shall not revisit that ruling in this Order. This Court expresses no opinion on whether Plaintiffs *will* be able to prove that they are entitled to lost profits, it merely finds that they are entitled to try.

provided by this code, is the amount which will compensate *for all the detriment proximately caused thereby, whether it could have been anticipated or not.*" *Id.* § 3333 (emphasis added).

The Ninth Circuit has held that "[t]he proper measure of damages in fraud actions under California law, ... is 'out-of-pocket' damages." *In re First Alliance Mortg. Co.*, 471 F.3d 977, 1001 (9th Cir. 2006).

> There are two measures of damages for fraud: out-of-pocket and benefit-of-the-bargain. The out-of-pocket measure restores a plaintiff to the financial position he enjoyed prior to the fraudulent transaction, awarding the difference in actual value between what the plaintiff gave and what he received. The benefit-of-the-bargain measure places a defrauded plaintiff in the position he would have enjoyed had the false representation been true, awarding him the difference in value between what he actually received and what he was fraudulently led to believe he would receive. In fraud cases involving the purchase, sale or exchange of property, the Legislature has expressly provided that the out-of-pocket rather than the benefit-of-the-bargain measure of damages should apply.

*Id.* (quoting *Fragale v. Faulkner*, 110 Cal. App. 4th 229, 236 (2003) (citing *Alliance Mortgage Co. v. Rothwell,* 10 Cal. 4th 1226, 1240 (1995)); *see also City Solutions, Inc. v. Clear Channel Communications, Inc.*, 242 F. Supp. 2d 720, 726-32 (N.D. Cal.2003), *aff'd in part & rev'd in part,* 365 F.3d 835 (9th Cir. 2004); *Southern Union co. v. Southwest Gas Corp.*, 180 F. Supp. 2d 1021, 1035, 1037-1041 (D. Ariz. 2002) (noting that lost profits are available as category of damages, and concluding that, under California law, benefit-of-the bargain damages are not available for fraud claims).

In the *City Solutions* case, the district court explained that although California law does not provide for "benefit-of-the bargain recovery" in fraud cases, "California case law has regularly recognized the availability of lost profits as a general damage item when the lost profits flowed from detrimental reliance." *City Solutions, Inc.*, 242 F. Supp. 2d at 729; *see also id.* at 729-30. The court concluded:

> As the foregoing analysis shows, under California law there is a recognized difference between lost profits and benefit-of-the bargain damages. While benefit-of-the-bargain damages are not recoverable for fraud under Sections 1709 and 3333, lost profits are recoverable (if proven). As Section 3333 states, plaintiffs are entitled to recover "all the detriment" caused by the fraud. ...
>
> Where a victim would have earned profits had it not relied to its detriment on a fraud, then the victim may recover lost profits. This is true as well where the fraud happens to be a false promise. But the victim cannot go

> further and hold the wrongdoer to its promise. A jury cannot award the victim the benefit of the bargain, for to do so would leap beyond the scope of detrimental reliance and would award contract damages. In fraudulent promise cases, the temptation will loom large to hold the fraudulent promisor to its promise and thereby transgress this distinction. The temptation must be resisted. In a fraud case, we must always return to the key question – how did the victim actually rely to its detriment on the false promise. Or, put differently, how would the outcome have differed had the false promise not been made or relied upon.

*Id.* at 732; *see also Southern Union*, 180 F. Supp. 2d at 1037-41 (concluding that plaintiffs could not recover lost profits where they were sought as a "benefit-of-the-bargain" measure of damages).

Accordingly, based on the arguments presented by the parties, the Court concludes that Plaintiffs should be permitted to seek "lost profits" as a general item of damages on their fraud claim. The Court shall address any disputes about jury instructions on this issue at the time of the final charging conference.

**IT IS SO ORDERED.**

Dated: February 9, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3