IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIESTE, LLC, ET AL.,

    Plaintiffs,

  v.

HILL REDWOOD DEVELOPMENT, ET AL.,

    Defendants.

AND RELATED COUNTERCLAIMS
                                 /

No. C 09-04024 JSW

**ORDER FOLLOWING NOTICE OF SETTLEMENT AND RE PLAINTIFFS' MOTION FOR CLARIFICATION OF SUMMARY JUDGMENT ORDER AND VACATING DATES AND SCHEDULING STATUS**

    The Court has been advised by minute Order that this matter has settled. (*See* Docket No. 450.) Accordingly, the Court HEREBY VACATES the jury selection date of February 21, 2012 and the trial date of February 27, 2012. The Court HEREBY SCHEDULES this matter for a status hearing on April 6, 2012 at 1:30 p.m. If a dismissal is filed before that date, the status hearing shall be vacated.

    The Court also has Plaintiffs' Motion for Clarification of Summary Judgment Order under submission. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it heard oral argument on the motion at the final pretrial conference. For the reasons set forth herein, the Court HEREBY GRANTS Plaintiffs' motion.

**BACKGROUND**

    On November 28, 2011, the Court granted, in part, and denied, in part, Plaintiffs' motion for summary judgment on Defendants' counterclaims. (Docket No. 379 ("Summary Judgment Order").) In the Summary Judgment Order, the Court stated:

> HRD, Hill, HID and RCA also named Michael Comparato ("Comparato") and Donald Currise, Sr. ("Currise") as counterdefendants. Although Comparato and Currise, who are principals of Vieste and Vieste Development, have not moved for summary judgment, because Vieste and Vieste Development can act only through their individual officers, the Court's ruling on this motion applies equally to these individuals.

(Order at 1 n.1.)

Plaintiffs now ask for clarification of the Court's Order on the basis that, although Defendants "'named' Comparato and Currise as counterdefendants, Defendants failed to serve them within the time period required under Federal Rule of Civil Procedure 4(m) and, thus, as individuals, they are not parties to the counterclaims. (Docket No. 387, Motion for Clarification at 2:5-8.)

## ANALYSIS

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Co.*, 339 U.S., at 314, 70 S.Ct. at 657 (emphasis added). To determine whether service of process was proper, courts look to the requirements of Federal Rule of Civil Procedure 4 ("Rule 4"). Rule 4(e) governs service of individuals. Under that rule, a party can effect service, *inter alia*, by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C).

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2

The Court, admittedly, was confounded by the fact that Comparato and Currise had not moved for summary judgment. During the prolonged motion practice relating to the pleadings, Defendants expressly moved to add Camparato and Currise as counterdefendants, in their individual capacities, to their First Amended Counterclaim ("FACC"). The Court granted that motion on August 11, 2010. (Docket No. 120 ("Order Permitting FACC").) At that time, the Court noted that:

> Messrs. Comparato and Currise have been on notice since Defendants filed the original counterclaim, that [these] individuals made the alleged misrepresentations. To the extent they ... will suffer any prejudice by amendment, the Court can, and will, alleviate such prejudice by permitting further *limited* extensions of the deadlines relating to discovery, as well as the impending deadlines for dispositive motions, pretrial [*sic*].

(Order Permitting FACC at 4:15-20 (emphasis in original).) The Court directed Defendants to file and serve the FACC within five days.[1]

Defendants take the position that they served Comparato and Currise, through counsel for Vieste LLC and Vieste Development, LLC (collectively "Vieste"), when they electronically filed the FACC. According to Defendants, based on arguments in opposition to the motion for leave to amend and based on appearances at depositions, they believed that counsel for Vieste represented Mr. Comparato and Mr. Currise in their individual capacity. (*See* Docket No. 397-1 (Declaration of David Borovsky ("Borovsky Decl."), ¶¶ 3-6, Ex. 1); Docket No. 397-3 (Declaration of Fulton Smith, ¶¶ 2-5, Exs. 1-4).) Thus, according to Defendants, they believed that counsel for Vieste was an agent authorized to accept service on behalf of Mr. Comparato and Mr. Currise.

Defendants' assumption was - and is - incorrect. In the opposition to the motion for leave to amend the counterclaims, Plaintiffs noted the possibility that Comparato and Currise might seek to retain separate counsel. In addition, before they purported to serve Messrs. Comparato and Currise, Defendants made no effort to determine whether their assumption was correct. Plaintiffs, in turn, did not advise Defendants that they represented Messrs. Comparato

---

[1] Rule 5(a) requires pleadings filed after an original complaint to be served on every party. Rule 5(b) requires that, "service under this rule must be made on the attorney unless the court orders service on the party."

3

and Currise at depositions solely in their capacities as employees or representatives of the Vieste parties.

When Messrs. Comparato and Currise failed to file an answer within the time require, Defendants did not ask that default be entered against them. At the pretrial conference, Defendants acknowledged that they did not do so, because they "didn't notice that no answer had been filed on their behalf." (*See* Docket No. 448 (Transcript of Pretrial Conference at 12:21-23; 12:21-13:22).) Defendants also acknowledged that they never served any discovery on Messrs. Comparato and Currise in their individual capacities.

The Court finds that Defendants did not serve Mr. Comparato and Mr. Currise and it also concludes that their assumption that counsel for the Vieste parties represented them as individuals was unreasonable.

As alternative relief, Defendants ask that the Court to grant them additional time to serve to serve Mr. Comparato and Mr. Currise under Rule 4(m). The Court denies this request. As noted, Defendants made no effort to determine whether Plaintiffs were authorized to accept service on behalf of Mr. Comparato and Mr. Currise and then made no effort to keep track of whether or not Mr. Comparato or Mr. Currise had answered or otherwise responded to the FACC. The Court also notes that, at this stage of the proceedings, granting Defendants an extension of time to serve Mr. Comparato and Mr. Currise could have put the trial date at risk.

Although this entire dispute could have been avoided if the parties simply had attempted to communicate with one another directly, the Court shall grant Plaintiffs' motion for clarification, and it concludes that Mr. Comparato and Mr. Currise were not served with the First Amended Counterclaim, that Defendants have failed to show good cause to extend the time by which they may be served and, thus, dismisses without prejudice the FACC to the extent it was asserted against Mr. Comparato and Mr. Currise as individuals.

**IT IS SO ORDERED.**

Dated: February 13, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4